### SERMONT *vs.* BAETJER and others.

A referee is not required to find upon any other facts than those which enter into and form the basis of the judgment to be entered upon his report. He is not required to negative, in express terms, any other facts. Facts not found are necessarily negatived by implication.

Where, in an action upon a charter-party, the answer set up as a defense that the plaintiff induced the defendants to enter into the agreement by representing that the vessel would carry at least 480 tons of such cargo as the defendants desired to ship, which representation was false and fraudulent; and the referee found that the parties executed the charter-party set out in the complaint, and that no false or fraudulent representations were made by the plaintiff, or his agent, to the defendants, or either of them, with respect to the vessel chartered, for the purpose of inducing them to enter into said agreement, or for any purpose; *Held* that the finding was sufficient.

A finding that the parties executed the charter-party set out in the complaint, and that the plaintiff fully performed all the conditions of his agreement, is sufficiently explicit in respect to the plaintiff's performance. It is not necessary to find in what manner he performed, or what particular acts he did by way of performance.

APPEAL from a judgment entered on the report of a referee. Action on a charter-party executed in duplicate by the plaintiff and defendants respectively, in the city of New York, dated the 15th of August, 1862, whereby the

defendants chartered the French ship "Belle Anais," of which the plaintiff was master, for a voyage from New York to Havre with a cargo of assorted merchandise, for the sum of 25,000 francs payable in cash in Havre on the arrival of the vessel at that port. The charter-party recited that the vessel was of 404 tons register. The complaint alleged the execution of the charter-party, performance of its requirements by the plaintiff, and the defendants' refusal to pay according to its terms. The answer set up first, that the plaintiff refused to allow the vessel to be fully loaded, or to receive on board all the cargo which the defendants offered to put on board, and which by the terms of the agreement he was bound to take, and secondly, that the plaintiff induced the defendants to enter into the agreement by representing to them that the vessel would carry at least 480 tons of such cargo as the defendants desired to ship, which representation was false and fraudulent. The referee found that the parties executed the charter-party set out in the complaint; that no false or fraudulent representations were made by the plaintiff or his agent to the defendants or either of them in respect to the vessel chartered, for the purpose of inducing them to enter into said agreement, or for any purpose; that the plaintiff fully performed all the conditions of his said agreement and did every thing that he was bound to do thereunder; and that the sum of $923.52 was due the plaintiff on the 4th of September, 1862, and was unpaid, for which sum, with interest, he reported the plaintiff was entitled to judgment.

*W. Benedict,* for the appellants.

*F. R. Coudert,* for the respondent.

*By the Court,* JAMES C. SMITH, J. There is no force in the position taken by the counsel for the appellants that the referee's finding of facts is insufficient, and therefore the judgment should be reversed. The findings objected to are

those relating to the alleged false representations and to the plaintiff's performance of the agreement.

In respect to the first of these, the report of the referee is claimed to be insufficient, inasmuch as it does not find specifically whether the plaintiff did not in fact make the representations alleged ; or whether he made them and they were true ; or whether he made them and they were true but were not fraudulent ; or whether they were made and were false but did not induce the defendants to enter into the contract. The finding in respect to performance by the plaintiff, is alleged to be insufficient, because it does not specify whether other freight was offered and refused as averred in the answer ; or whether or not the vessel could have carried more ; so that it is impossible to say whether the referee concluded that the vessel was full and therefore the plaintiff had performed, or that the vessel was not full, but no other freight was offered, and so the plaintiff had performed.

These several objections assume that the referee was required to report upon every issue made by the pleadings. But a referee is not required to find upon any other facts than those which enter into and form the basis of the judgment to be entered upon his report. He is not required to negative in express terms any other facts. Facts not found are necessarily negatived by implication. (*Code*, § 272. *Nelson* v. *Ingersoll*, 27 *How.* 1, *and cases there cited.*) Tested by this rule the report in the present case is clearly sufficient. It would have been sufficient in respect to the points objected to if it had found merely that the parties executed the charter-party set out in the complaint, and that the plaintiff fully performed its requirements on his part. Upon those findings the plaintiff would have been entitled to judgment for the sum found due and unpaid. The finding that the parties executed the charter-party, would have implied necessarily that the agreement was valid and binding upon both parties, and would have negatived the allegation that the defendants were induced to enter into it by fraud on the

part of the plaintiff. It is wholly immaterial, therefore, whether the finding contained in the report, respecting the alleged false representations, is regarded as expressly nega- tiving all, or a part only, of the facts essential to the defense of fraud. The sufficiency of the finding that the plaintiff fully performed the agreement, is equally apparent. It is to be observed that the findings state the terms of the charter- party ; that is, they state it to be as set out in the complaint, and the complaint sets out what is therein alleged to be a copy of the charter-party. That being the case, the finding in respect to the plaintiff's performance is sufficiently expli- cit. It is not necessary to find in what manner he performed, or what particular acts he did by way of performance. If in any proper view of the testimony, a performance is shown, the finding is sufficient ; if not, it cannot be sustained.

The next question is whether the findings referred to are against the weight of evidence. I have read all the testi- mony in the case, and I think that given on the part of the plaintiff fully sustains the conclusions of the referee. The most that the defendants can successfully claim in respect to it, is that it is contradicted in many essential particulars by the testimony introduced by the defendants, but that alone is no ground for reversing the referee's decision. The testi- mony given on the part of the plaintiff fully meets that given on the other side. The defendant De Vertu testifies that the false representations alleged to have been made by the plain- tiff personally, were made by him in a conversation which De Vertu says took place a few days before the charter-party was signed, and was the only conversation between them. But this is contradicted by the plaintiff, who testifies that he never saw De Vertu about chartering the vessel until after the charter-party was signed, he having been represented in the transaction by his agent, Salem. De Vertu also testifies to representations made by Salem as to the capacity of the the vessel ; but it is apparent from all the testimony, that what Salem said on that subject was intended by him as the

Sermont *v.* Baetjer.

expression of a mere opinion, and was not relied upon by De Vertu as the assertion of a fact ; at least the referee was warranted in taking that view of the testimony. Salem was a ship broker in New York, and it does not appear that he had any personal knowledge of the vessel. He testifies that in the conversations between him and De Vertu, each party referred to what the plaintiff had told him about the vessel's capacity ; and that when told by De Vertu that the plaintiff had agreed that she would· carry 450 to 480 tons of Havre cargo, Salem declined to insert a stipulation to that effect in the charter. He also testified that when the charter-party was made up, and a copy handed to De Vertu, he was anxious to know how much she would carry ; and the plaintiff told him he need not be the least afraid, as she was a large carrier. This item of testimony tends very strongly to show that De Vertu placed no reliance upon any thing that had been said to him by the plaintiff or his agent respecting the capacity of the vessel, before the charter party was signed. In respect to the amount of freight received on board, the substance of the defendants' showing is, that there were some eleven tons which the plaintiff refused to take. The plaintiff testifies that his vessel was full, but the cargo was not heavy. The referee seems to have credited the plaintiff's statement, and it fully justifies his finding, that the plaintiff performed the agreement.

The memorandum offered in evidence by the defendants was properly excluded.

The judgment should be affirmed.

[New York General Term, April 3, 1867. *Leonard, Ingraham.* and *J. C. Smith,* Justices.]