CHARLES E. QUINCEY *against* JOSEPH F. YOUNG, WILLIAM S. WOODWARD, AND STEPHEN V. WHITE.

Under the Supreme Court Rule 41 (of 1872), by which, on the settlement of a case by him the justice or the referee is required to "*find*" on such other questions of facts as may be required by either party, and be material to the issue, a referee is not bound to make a finding in regard to every fact of which evidence was offered, but only such facts as are necessary to support the judgment.*

Where, therefore, the main issue was, whether the defendants were jointly interested in a certain transaction, and the referee found that they were, *Held*, that defendants could not require him to find specifically on all questions of fact of which they had offered evidence, which facts, if found in their favor, would tend to show they were not jointly interested.

APPEAL by defendants from an order at special term, denying a motion to have the cause sent back to the referee before whom it was tried, and have him find specifically on certain questions of facts raised by the defendants. The action was brought by the plaintiff, as the assignee of Heath & Co., against the defendants, to recover a balance of account due Heath & Co. for commissions, money advanced, &c., during the course of a transaction in which the defendants employed Heath & Co. as their brokers, for the purchase and sale of stocks. The amount was not denied, but it was alleged that the defendants were not jointly interested in the transaction, but that Heath & Co. should look to each for his own share. The case was referred, and after the referee had made his report, the defendants requested him to find specifically on certain questions of fact which they claimed tended to show that the transaction was not for the joint account of the defendants. This he refused to do, and an application was made at special term to compel him to do so, and such application being denied, an appeal was taken to the general term.

* By the rules adopted at the convention of the judges in 1874, the word "*find*, in rule 41, is changed to "*pass*."

*L. R. Marsh* and *B. F. Blair*, for appellants.

*A. F. Smith*, for respondent.

LARREMORE, J.—The main issue raised by the pleadings was whether there was a joint liability on the part of the defendants. The referee has decided against them on this point, and the facts upon which such liability is founded, are separately stated in his report. The defendants claim that there should have been a further finding of facts upon the requests made, viz. : the several acts of Heath & Co. in dividing the stock and settling with Woodward & White, and other acts on their part tending to establish a severance of the account—the settlement with Woodward & White, and the individual liability of Young.

Rule 41 of the Supreme Court requires that upon the settlement of the case, the justice or referee shall "find on such other questions of facts as may be required by either party and be material to the issue." To his refusal or neglect to do this, an exception lies which is analogous to that made under the former practice to the rulings of the court after the evidence was closed and before the jury retired. It is a separate and independent privilege, and should be limited, as the rule provides, to such facts as appear to be material to the issues involved and the decision thereon (*Casler* v. *Shipman*, 35 N. Y. 542; *The People* v. *Albany & Susq. R. R.* 57 Barb. 211; *Van Slyke* v. *Hyatt*, 46 N. Y. 265). I do not understand the case of *Casler* v. *Shipman* (35 N. Y. 541), as establishing the theory that an appellant is entitled to have all the facts found, those which are in opposition to, as well as those which support the judgment. It is every material fact necessary to the determination of the issues that is required to be found. In *Priest* v. *Price* (3 Keyes, 222), it does not appear that there were any requests to find.

The facts not found are impliedly negatived, and the referee should not be required to find them in that form (*Sermont* v. *Baetjer*, 49 Barb. 364; *Nelson* v. *Ingersoll*, 27 How. Pr. 1; *Manley* v. *Ins. Co. North America*, 1 Lans. 20). I do not

think the referee should be called upon to make further findings in this case. Having reached the conclusion that the defendants were jointly liable, all the testimony relating to the individual acts of the parties, so far as it sought to establish individual liability on their part, was at variance with and properly excluded from the report. The defendants seek to have almost every fact of which evidence was offered by them, incorporated in the report. Such a course is not in conformity with the practice, and should not be encouraged. I think the order appealed from should be affirmed.

DALY, Ch. J., and J. F. DALY, J., concurred.

Order affirmed.