James v. Burchell.

---

EDWARD D. JAMES *et al.* Appellants, *against* JOHN J. BURCHELL, Respondent.

(Decided March 4th, 1878.)

Where the plaintiff covenanted that she was seized in fee simple in her own right of certain land, and would convey the same to the defendant, free and clear of all incumbrances, and by a deed with full covenants, and the defendant by the same instrument covenanted to purchase the land at a fixed price, and to erect certain buildings thereon,—*Held*, that these covenants were mutual and dependent, and that the plaintiff having deeded the land to a third person, this was such a breach of the covenants on her part as justified the defendant in refusing to perform those on his part.

APPEAL by the plaintiff from a judgment of this court dismissing the complaint, entered on the decision of Judge VAN BRUNT, after a trial before him at special term.

The facts are fully stated in the opinion.

*E. H. Benn*, for appellants.

*Flanagan & Bright*, for respondent.

LARREMORE, J.—The parties to this action made an executory contract, dated January 10th, and acknowledged January 11th, 1871, for the purchase and sale of four lots of land in the city of New York, by which the plaintiffs, in consideration of $1, agreed to sell and convey, or cause to be conveyed, as thereinafter stated, to the defendant, the land in question, for the sum of $44,000, or $11,000 for each lot. It was further covenanted and agreed by the parties

that the defendant should commence the erection of four houses upon the lots on or before February 10th, 1871, and complete the same within seven months from that date ; the plaintiffs to advance $4,000 on each house, to aid in its erection, and upon being paid and reimbursed the price of said lots and advances thereon, either in cash or the bonds of the defendant, secured by mortgages on the premises, then the plaintiffs agreed to convey or cause to be conveyed the same to the defendant in fee by a full covenant, warranty deed, free from all reasonable objections, except such incumbrances as should be made, or caused or suffered to be made, by the defendant, who agreed to complete the contract on his part within eight months from its date. The plaintiffs covenanted that Sarah James was seized in her own right of a good title to said premises in fee simple. It was also agreed that the plaintiffs, at their election, might mortgage each of said lots to the amount of $15,000, and convey the same subject to said mortgages in lieu of purchase money for the same amount.

On the same day on which the contract was acknowledged—February 11th, 1871—the plaintiffs conveyed the premises to one Isaac B. Findull, by a deed without full covenants of warranty. Subsequently, objections were raised as to the validity of Mrs. James' title to the premises, and the defendant declined to go on with the contract.

This action was brought to annul the contract, and to recover damages for its breach. The complaint was dismissed on the trial, and from the judgment entered thereon this appeal is taken.

The findings of fact were as follows:

1st. That the contract was made January 11th, 1871.

2d. That on the same day the plaintiffs conveyed the premises by warranty deed without covenants to Isaac B. Findull, subject to no incumbrance whatever.

3d. That the defendant never entered into possession of the premises, but refused to erect the buildings because the plaintiffs could give no valid title to the property. And the learned judge who tried the cause held as a conclusion of law

upon the facts thus found that the plaintiffs' violation of the covenants released the defendant from all obligation to perform the contract.

There is no controversy as to the fact of the execution of the contract, and as it was acknowledged on January 11th the presumption is strong that it was not delivered prior to the date when the deed to Findull was acknowledged, which deed was recorded January 12th, 1871.

To rebut this presumption, James testified, "We delivered that deed to Findull the day after we made and executed this contract with Burchell," that Findull knew of it and saw it when he took the deed. The counsel for appellants attached great importance to the fact that the trial judge found, as questions of fact, that the contract and deed were delivered on the same day, and that defendant refused to erect the buildings because the plaintiffs could give no title to the premises, and that the judge in his opinion held that the defendant was not bound to complete the contract "after the plaintiffs had conveyed the premises to a stranger by an absolute deed," and that his refusal to find as requested was error.

This court held, in *Quincey* v. *Young* (5 Daly, 44), that a judge or referee was not bound to make findings upon every fact proved in a case, but only upon such facts as were material and necessary to support the judgment rendered. In an equity cause it is competent for a court of review to render judgment upon admitted facts, although no findings thereon have been made as requested. It was decided in *Tompkins* v. *Lee* (59 N. Y. 662), that where the findings of fact settled by a referee are in conflict with his report, the former will be assumed to be correct and the latter will be disregarded. The opinion of the judge cannot overthrow the judgment if the facts proved are sufficient to sustain it. The fact of the conveyance of the property is unquestioned, and the contract is now before us for construction.

If the deed to Findull was a violation of the contract by the plaintiffs, it matters little whether it was delivered prior or subsequent to the execution and delivery of the contract.

That it was delivered prior to the time when the defendant was to commence the erection of the buildings (February 10th, 1871) is not disputed.

The question of defendant's possession and occupation of the premises was decided upon conflicting testimony, which was not of so loose or uncertain a character as to be insufficient to sustain the judgment on appeal.

Let us next consider whether defendant was justified in refusing to erect the buildings on the ground that plaintiffs could give no title to the premises within the contemplation of the contract, and whether their violation of its covenants released him from all obligation thereunder. This necessarily leads to a construction of the contract.

The defendant agreed to expend the sum of $60,000 in the erection of buildings, and was not to receive his deed until the buildings were completed. It is not unreasonable to assume that in view of so large an outlay of money on the bare security of on executory contract the defendant should have relied somewhat on the personal character and responsibility of the parties with whom he dealt. There was to be no incumbrance but such as he should allow, except that the plaintiffs might mortgage each lot for $15,000, and convey the same subject to said mortgage in lieu of purchase money for the same amount. Mrs. James' covenant of seizin in her own right of a good title to the premises in fee simple was the inducement to the defendant's covenant to expend $60,000 on the property before the delivery of the deed. Such an expenditure should not be regarded as an ordinary payment on account of the purchase money, in view of the peculiar nature of this contract, whose covenants were manifestly intended and should be held to be mutual and dependent. (*Judson* v. *Wass*, 11 Johns. 525 ; *Tucker* v. *Woods*, 12 Johns. 190 ; *Robb* v. *Montgomery*, 20 Johns. 15.) The conveyance by the plaintiffs and the execution of the mortgages by the defendants were to have been simultaneous acts. This fact, taken in connection with the covenant of an existing capacity in Mrs. James to convey with warranty, would seem to indicate that the decision of the learned judge at special

James v. Burchell.

term has expressed the original intention of the parties to the contract.

It appears by James' note of March 17, 1871, that objections had been made to the title of the premises, and that he intended taking measures to remove them. In view of this, and also of the fact that said premises had been previously conveyed in fee to a former clerk of James without any consideration, and held by him in trust for Mrs. James, defendant's distrust of the good faith of the transaction was neither unreasonable nor unwarranted. With the title to premises of questionable validity in the hands of an unknown and apparently irresponsible person, the defendant was right in refusing performance of the contract on his part, unless he had some assurance that it would be consummated in accordance with its terms. To my mind the conveyance by James and wife to Findull, and the reconveyance by him, were meaningless acts, unless intended to operate to the prejudice of the defendant. The part of the contract which bound plaintiff to convey, or cause to be conveyed, as thereinafter stated, must be construed in the light of the whole instrument and all the surrounding circumstances. It may have been intended to provide for a conveyance by an attorney in fact. The clause " or cause to be conveyed as thereinafter stated " may be construed to mean the conveyance by warranty as thereinafter provided. But taken altogether the evidence shows no intention or agreement on the part of the defendant to accept any other warranty than the plaintiffs', or to release them in any way from the fulfilment of their covenants.

There are no substantial errors shown by the record, and the judgment appealed from should be affirmed.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment affirmed.