BURNS *et al. vs*. THE STATE OF GEORGIA.

1. Statements by deceased as to how he received the injuries which caused his death, made almost immediately after their receipt, constitute a part of the *res gestæ*, and are admissible in behalf of the defendants on their trial for his murder.
2. Confessions made under bodily fear, induced by torture, will not warrant a conviction for murder.

Criminal law.    Confessions.    Before Judge TOMPKINS. Screven Superior Court.    May Term, 1878.

Burns *et al.* were indicted for murder. On the trial, the evidence for the state was, in brief, as follows: Deceased went to the house of V. H. Burns late one Saturday night in December, 1877; the two had been to the store of the latter, and returned late. The two defendants were in the employment of V. H. Burns, and slept in his kitchen. He invited deceased (McKinny) to eat and stay all night; but the latter declined. He went to sleep while McKinny was eating. In the night B. woke up and saw deceased lying on the floor; did not see any blood. Next morning when he

woke up deceased was gone. There was a good deal of blood about the room and also outside the house. A sword, which was used about the farm for stripping cane, was left sticking in the ground on Friday; on Monday it was found lying near the cane patch. On discovering the blood on the floor, B. called defendants and told them to clean it up. He again went to sleep; when he awoke his pockets had been picked; defendants afterwards confessed doing this, and a part of the money has been returned. On Saturday night deceased had some whisky about him. Early Sunday, about daylight, deceased went to the house of one Thompson, about 600 yards from where Burns lived; he was bloody; he was drunk at the time, and was given more whisky afterwards, his injury not appearing as bad as it was. He had a gash on his temple; he fell into a comatose state, and died from the effects of the wound. Defendants have confessed to killing deceased with the sword, for the purpose of preventing his seeing them rob Burns.

Defendants' evidence showed that they were respectively twelve and fifteen years of age; that their confessions, though afterwards repeated, were wrung from them in the first instance by the crowd who had arrested them, by the use of tortures of the worst kind—the least of which were whipping and pouring hot coals on defendants' heads; and that threats of death were made if they did not continue to make the same statement.

The jury found defendants guilty. They moved for a new trial on the following, among other grounds:

1. Because evidence of what deceased said on the morning when he was wounded as to how he was injured, was rejected.

2. Because the verdict was contrary to law and evidence.

The motion was overruled, and they excepted.

MATHEWS & OLIVER; J. C. DELL, by Z. D. HARRISON, for plaintiff in error, cited as follows: Verdict contrary to law,

etc. 43 *Ga.*, 256 ; 56 *Ib.*, 630. On confessions, Code, §3793; 11 *Ga.*, 226; 55 *Ib.*, 136; 52 *Ib.*, 106, 527; 42 *Ib.*, 256; Code, §3792. On *res gestae*, Code, §3773 ; 32 *Ga.*, 672 ; 27 *Ib.*, 288; 11 *Ib.*, 621.

R. N. ELY, attorney general; JAMES K. HINES, solicitor general, for the state, cited, on confessions, Code, §§3792, 3793, 3747, 3770, 3773 ; Hopkins' Penal Code, §§557, 565, 569 ; 21 *Ga.*, 227; 53 *Ib.*, 570 ; 50 *Ib.*, 249 ; Hopkins, §§378-380, 525.

WARNER, Chief Justice.

The defendants were indicted for the offense of murder, and upon their trial therefor, were found guilty. A motion was made for a new trial, on the grounds therein stated, which was overruled, and the defendants excepted.

It appears from the evidence in the record, that deceased most probably received the injury which caused his death at the house of V. H. Burns, on Saturday night, or early Sunday morning. The defendants offered to prove by Wm. B. Thompson, who lived about six hundred yards from Burns, that deceased came to his house about an hour before day, Sunday morning, and was bloody, and when asked what was the matter with him said, "you know I went to sleep on a chair and fell out on a piece of wood," that he might have said a sharp piece of wood, don't remember now. The court ruled out this testimony, which is complained of as error. In view of the facts of this case, the evidence of Thompson was admissible as explanatory of the injury which deceased had received, as a part of the transaction, and so nearly connected with it as to constitute a part of the *res gestae* as defined by the 3773d section of the Code, and the court erred in ruling it out at the trial. We find no error in ruling out the other evidence as complained of in the defendant's motion for a new trial.

2. The defendants were found guilty, as it appears from the evidence in the record, upon their confessions. The

3793d section of the Code declares, that "to make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit, or the remotest fear of injury." The evidence shows that one of the defendants was twelve and the other fifteen years of age, and that confessions were extorted from them by threats, accompanied by acts of brutal torture which would disgrace even a savage. After being tortured in this disgraceful and savage manner, they were threatened under the penalty of death, that they should continue to tell the same story as that which had been extorted from them by the savage tortures inflicted upon them. It is insisted, however, that they made the same confessions to Mills, the deputy sheriff, and others, whilst in his custody, on their way to the jail, in Savannah, and that those confessions were voluntarily made; but it should be remembered that these two boys, twelve and fifteen years of age, had already suffered the agonies of the most brutal torture, and that the threats of those who inflicted those inhuman tortures were still ringing in their ears to tell the same story or they would be killed—who can say their fears of further personal injury did not continue, and that their confessions made to Mills were not made under the influence of those fears, the more especially as the witness himself was afraid the defendants would be taken from him, and told the defendants so? Assuming that the court charged the jury correctly as to the law applicable to confessions (and there is no exception to the charge), then in view of the evidence contained in the record, the verdict of the jury was contrary to law, and a new trial should be granted, and it is so ordered.

Let the judgment of the court below be reversed.