ELIZABETH C. SCHMITT *vs.* GEORGE SCHMITT.

September 17, 1883.

**Practice — Specific Questions tried by Jury, and Further Findings made by Court.**—In an action triable by the court a jury was impanelled, and specific questions of fact submitted for their determination. The whole case was presented at the trial. The questions submitted to the jury were not sufficient to determine all of the essential facts in the case. Upon the return by the jury of their verdict, the court made no order reserving the case for further consideration, but, long afterwards, made findings of fact upon essential matters not included in the findings of the jury, and, upon such findings, with those of the jury, directed judgment to be entered. *Held,* no error.

**Execution and Delivery of Deed.**—Evidence found to sustain the findings of the court.

Appeal by defendant from a judgment of the district court for Scott county, *Macdonald,* J., presiding, and from an order of the same court denying defendant's motion for judgment in his favor on the special findings of the jury.

*Brown & Hawkins,* for appellant.

*Southworth & Marrinan,* for respondent.

DICKINSON, J. This is an action for divorce upon the ground of cruelty, in which, also, the plaintiff seeks to have awarded to her certain real estate to which she claims title through an alleged conveyance from the defendant and herself, as his wife, to one Kopp, and from Kopp back to the plaintiff. When the cause was called for trial, the court, to which application had been previously made to settle

issues to be submitted to a jury, proposed to submit to a jury such questions of fact as should be suggested to the court in the course of the trial, or such as should be desired by the parties. This being assented to, a jury was impanelled to find upon the questions of fact to be submitted to them, and the trial proceeded. Numerous specific questions were submitted to the jury, but no finding in the nature of a general verdict respecting the title in controversy was authorized. When the jury returned and submitted their verdict, no order was made by the court reserving the cause for further consideration. Four months afterwards, the plaintiff moved that further findings of fact be made by the court. Although this was opposed, the court did thereafter, without other evidence having been presented, make findings of fact in addition to those presented by the jury, and, upon the facts so found by the jury and by the court, award judgment in favor of the plaintiff.

At the trial there was introduced in evidence an instrument, in the proper form of a deed of conveyance, and purporting to have been duly executed by both plaintiff and defendant to Kopp, some years before. The controversy, so far as brought under review upon this appeal, was as to the execution of this instrument by the defendant, and its delivery as a deed of conveyance. He denied the execution and delivery. The jury found that the plaintiff signed the deed. The following questions submitted to the jury were answered as here indicated:

*Question.* Did the defendant sign, with his own hand, the said deed to Charles Kopp? *Answer.* No. *Q.* Did the defendant go to Herman Baumhager, the person who drew up the deed to Charles Kopp, and procure and direct said Baumhager to prepare said deed in manner and form as it now is? *A.* Yes. To the question whether the deed was ever "actually delivered to said Charles Kopp by any one," the jury answered "No." To the question whether the deed was "signed by the plaintiff and defendant in the office of Herman Baumhager, on a day prior to the day on which the deed from said Charles Kopp and wife was signed at the house of Mrs. Joseph Thiem," the jury answered "No." The jury further found that Kopp paid a consideration for the land.

The findings of fact made by the court were to the effect that the plaintiff executed the deed to Kopp at the defendant's request; that the name of the defendant was signed to the deed by his direction, for the purpose of executing the deed, and that he caused the deed so executed to be exhibited to Kopp, and received the consideration therefor, with intent thereby to convey the title to Kopp; that in the presence of defendant, and with his knowledge and consent, Kopp and wife conveyed the same premises to the plaintiff, and that the defendant then delivered both deeds to the register of deeds to be recorded; that the delivery for record was intended by all of the parties as an effectual delivery of the deeds to the grantees named in them, respectively. The proof was strong in support of these findings of fact.

The grounds of error assigned by the appellant are—*First,* that the court had not authority after the trial, and without having by order reserved the cause for further consideration, to make findings of fact in addition to those presented by the jury; and, *secondly,* that the findings of the court were not sustained by the evidence.

The action was triable by the court, subject, however, to the right of the court to order that the whole issue, or any specific question of fact, be tried by a jury. Gen. St. 1878, c. 66, § 217. Specific interrogatories relating to the facts in issue having been submitted for the determination of the jury, any questions material to the issues, and not embraced in the matters so submitted, necessarily remained to be determined by the court, upon the evidence which the parties should offer, just as though no jury had been called in the case. *Piper* v. *Packer,* 20 Minn. 245, (274;) *Sumner* v. *Jones,* 27 Minn. 312. The case is not in this regard like an action at law, in which the jury by their verdict determine all of the issues of fact, so that nothing remains for the court but to draw from them conclusions of law, (Gen. St. 1878, c. 66, § 217,) and in which case the prevailing party may have judgment entered upon the verdict, unless the court stays such a proceeding by an order reserving the cause for further consideration. *Newell* v. *Houlton,* 22 Minn. 19.

Under our system of procedure, uniting in one court legal and equitable jurisdiction, the court, which in such a case would ordinarily both preside over the trial of such questions as were to be

passed upon by the jury, and would also hear and finally determine the cause in the exercise of its equitable jurisdiction, might, unless the special circumstances of the case would render such a course objectionable, direct as to whether the whole evidence in the case should be presented at the time of the trial before the jury, or, so far as related to questions to be passed upon by the court only, at another time, and apart from the jury. It is apparent from the record that this whole case was presented at this trial. It was not necessary for the court to make any order reserving the cause after the return of the jury. If the questions submitted to the jury were not such as, when answered, determined all the essential facts, the court was required to determine them, and the cause remained before it for that purpose as a matter of course.

The questions submitted to the jury were not sufficient for the determination of the issue of title as it was developed at the trial. A deed having been made by direction of the defendant, to which his name appeared as subscribing grantor, for which he had received a consideration, and which, as the evidence tended strongly to prove, had been treated and recognized by him as a deed of conveyance, it was necessary, to a conclusion in favor of the defendant, to determine more than the mere facts that he did not *with his own hand* sign the deed, and that it was never *actually* delivered to the grantee. If it was signed by the hand of another, by his authority, and so disposed of as to evince clearly the intention of the parties that it should take effect as a conveyance, it would be of force as such. The jury were not called to determine these questions, and the power to do so necessarily remained in the court. The findings of the court were not inconsistent with those of the jury in any essential respect. As has been already stated, we consider the facts found well sustained by proof.

Judgment and order affirmed.