STATE OF MINNESOTA *vs.* JOHN HORAN and another.

October 1ᵌ, 1884.

**Evidence—Res Gestæ—Declarations of Person Injured.**—In cases involving personal injury, evidence of declarations of the injured party, touching the cause or circumstances of the injury, made soon after and in close connection with the event, and appearing to grow out of and be dependent upon it, and under such circumstances that they could not reasonably have been contrived for the purposes of the declarant, is admissible as part of the *res gestæ.*

**Same—Description of Assailant by Person Robbed.**—The complaining witness was waylaid, knocked down, and robbed in a public street at night. The assailants then fled, and the witness immediately gave the alarm, returned to his house near by, and a few minutes later, on the arrival of a police officer, described to him the appearance of the persons who made the assault. Upon the trial, after the details of the assault and robbery had appeared in evidence, *held,* that the trial court might properly receive proof of the statements of the injured party made to the officer, under the circumstances, as being sufficiently connected with the principal event to be the natural outgrowth of it, and free from the suspicion of plan or after-thought.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial, after conviction upon an indictment for robbery. The case is stated in the opinion.

*O'Brien, Eller & O'Brien,* for appellants.

The court erred in admitting evidence of the statements made by the prosecuting witness. *Johnson* v. *State,* 17 Ala. 618; *Hall* v. *State,* 40 Ala. 698; *Steele* v. *State,* 61 Ala. 213; *People* v. *Mc-Crea,* 32 Cal. 98; *Enos* v. *Tuttle,* 3 Conn. 247; *Russell* v. *Frisbie,* 19 Conn. 205; *Ford* v. *Haskell,* 32 Conn. 489; *Rockwell* v. *Taylor,* 41 Conn. 55; *State* v. *Seymour,* 1 Houst. Cr. C. 508; *Carter* v. *Buchannon,* 3 Ga. 513; *Hall* v. *State,* 48 Ga. 607; *Mich. Cent. R. Co.* v. *Gougar,* 55 Ill. 503; *Bland* v. *State,* 2 Ind. 608; *Dukes* v. *State,* 11 Ind. 557; *Binns* v. *State,* 57 Ind. 46; *Jones* v. *State,* 71 Ind. 66; *State* v. *Petty,* 21 Kan. 54; *State* v. *Pomeroy,* 25 Kan. 349; *State* v.

*Maitremme,* 14 La. An. 830; *Hays* v. *State,* 40 Md. 633; *Lund* v. *Tyngsborough,* 9 Cush. 36; *Brown* v. *Mooers,* 6 Gray, 451; *Chapin* v. *Marlborough,* 9 Gray, 244; *Lune* v. *Bryant,* 9 Gray, 245; *Com.* v. *Densmore,* 12 Allen, 535; *O'Connor* v. *Chic. M. & St. P. Ry. Co.,* 27 Minn. 166; *Scaggs* v. *State,* 8 Sm. & M. 722; *Meek* v. *Perry,* 36 Miss. 190; *State* v. *Brown,* 64 Mo. 367; *People* v. *Finnegan,* 1 Parker, Cr. Rep. 147; *Robb* v. *Hackley,* 23 Wend. 50; *Dudley* v. *Bolles,* 24 Wend. 465; *Luby* v. *Hudson R. R. Co.,* 17 N. Y. 131; *Whitaker* v. *Eighth Ave. R. Co.,* 51 N. Y. 295; *People* v. *Davis,* 56 N. Y. 95; *Osborn* v. *Robbins,* 37 Barb. 481; *State* v. *Tilly,* 3 Iredell, 424; *Forrest* v. *State,* 21 Ohio St. 641; *Cleveland, etc., R. Co.* v. *Mara,* 26 Ohio St. 185; *Young* v. *Com.* 28 Pa. St. 501; *Brown* v. *Lusk,* 4 Yerger, 410; *Denton* v. *State,* 1 Swan, 279; *Barnum* v. *Hackett,* 35 Vt. 77; *State* v. *Davidson,* 30 Vt. 377; *Haynes* v. *Com.,* 28 Gratt. 942; *Crookham* v. *State,* 5 W. Va. 510; *Rex* v. *Bedingfield,* 14 Cox, C. C. 341; Greenleaf on Ev. §§ 108–110; Taylor on Evidence, § 526; Wharton's Crim. Ev., §§ 262–264, 641; Roscoe, Crim. Ev., 26.

*W. J. Hahn, Attorney General,* and *J. J. Egan,* for respondent.

VANDERBURGH, J. The defendants were tried and convicted of the crime of robbery, in the district court of Ramsey county. The most material question of fact arising on the trial was the identification of the defendants by the prosecuting witness. It appeared from his testimony that, while returning to his home on John street, in St. Paul, at about 10 o'clock in the evening, he was assaulted and robbed by two men, strangers to him, whom he had observed standing on the side of the street in advance of him. It was a bright night and the street lamps were also burning, and his house was in sight near by. Before he was attacked he saw both assailants distinctly. He was thrown down and held fast, while his pockets were searched by them. He had an opportunity to observe the face and features of each, and endeavored as well as he was able to fix in his mind a correct impression thereof. After the robbery they fled, and he gave the alarm, ran to the house of a neighbor near by, who notified the police by telephone and went with him to the place of the robbery, where witness found his hat and cane. He then went to his own house, and in a few minutes a policeman came, to whom he immediately

gave a description of the men who had robbed him. The witness also testified on the trial that he recognized his assailants the next morning at the police station, and identified these defendants as the guilty parties.

The evidence of the description of the men given by the witness to the policeman at his house was received, against the objection of the defendants, and it is insisted that this ruling was error. It is claimed on behalf of the state that the statements of the witness were made in close connection with the events which had transpired, and under the pressure of the excitement occasioned thereby, and were properly received as a part of the *res gestæ*. Upon this subject the authorities are not uniform. Some courts are inclined to hold the rule with much strictness as to the time and circumstances under which the statements proposed to be shown are made, while others allow a wider range for its application, leaving it to be applied largely in the sound discretion of the trial court. 15 Am. Law Rev. 85; *Com.* v. *Densmore,* 12 Allen, 535; *People* v. *Davis,* 56 N. Y. 95; *Com.* v. *Mc-Pike,* 3 Cush. 181; *Insurance Co.* v. *Mosley,* 8 Wall. 397; *O'Connor* v. *Chic., M. & St. P. Ry. Co.,* 27 Minn. 166.

Our examination leads us to conclude that, especially in cases of tort involving personal injury, the weight of authority in this country is in favor of allowing evidence of the declarations or statements of the injured party, touching the cause or circumstances of the injury, made so soon after the event, and under such circumstances, as to warrant the trial court in presuming that they grew out of and were dependent upon it, and could not have been devised or contrived by the declarant for his own purposes. *Insurance Co.* v. *Mosley,* 8 Wall. 397; *Harriman* v. *Stowe,* 57 Mo. 93; *Driscoll* v. *People,* 47 Mich. 413; *Jordan* v. *Commonwealth,* 25 Gratt. 943; *People* v. *Vernon,* 35 Cal. 49; *Burns* v. *State,* 61 Ga. 192; *Augusta Factory* v. *Barnes,* 18 Rep. (Ga.) 105. In the last case the party was severely injured while employed in a factory. She was removed to her home, and about one-half hour after, while enduring severe bodily suffering, which had continued in the interval, she made a statement to her father of the particulars of the cause of the accident, which the court held proper to be received as part of the *res gestæ*.

In *O'Connor* v. *Chic.*, *M. & St. P. Ry. Co.*, 27 Minn. 173, this court, after reviewing the cases and in considering this subject generally, say "that a considerable time may elapse, and yet the declaration be a part of the *res gestæ*," and "that each case must depend on its own peculiar circumstances, and be determined by the exercise of sound judicial discretion."

In the case at bar the witness had been waylaid and robbed. He had suffered personal violence. A great crime had been committed. He had specially observed and marked his assailants at the time. And while great care and discrimination should be exercised in receiving evidence of this kind, we are unable to say that the court erred in its judgment in this case in admitting the evidence in question. It might be considered that when the declarant thus described the men who had assaulted him, whom it appeared he had never before seen, his mind was still so occupied and absorbed with his exciting and hazardous experience as to maintain for so brief a period a close and natural connection between the event and his statements to the officer, and that hence such statements would be the direct and natural outgrowth of the robbery and its concomitants, and they would derive a special credit from that fact, (though they would otherwise be hearsay,) and would also be relieved from the suspicion of device or afterthought. See Whart. Ev. § 259; 1 Greenl. Ev. § 108. It was clearly competent for the witness to testify that he recognized and identified the same parties the next morning at the police station, and the particulars of such identification were properly received.

We see no error or abuse of discretion in the refusal of the court to grant a new trial on the ground of newly-discovered evidence.

Order affirmed.