ANN CONLAN and others *vs.* THOMAS GRACE and others.

December 22, 1886.

**Parol Evidence as to Execution and Delivery of Deed, and Corroborative Facts.**—The issue being as to whether certain alleged deeds, conveying (through an intermediate grantee) the title of land from a wife to her husband, had ever in fact been executed and delivered, (both husband and wife having since deceased,) evidence that the consideration for the original conveyance of the property to the wife was paid by the husband, although not admissible to prove any use or resulting trust in favor of the husband, is competent as a corroborative fact tending to show a reason for the subsequent transfer of the title to him.

**Trial—Offer of Evidence—Materiality must be Shown.**—When an offer of testimony is made, it must be full enough to enable the court to see that it is material; following former cases.

**Evidence—Declarations—Res Gestæ.**—The declaration of a party, to be admissible as a part of the *res gestæ*, must be contemporaneous with, or at least so connected with, the main fact in issue as to constitute a part of the transaction, and thus derive credit from the main fact or act itself, to explain or characterize which it is offered in evidence.

**Deed—Execution—Grantor Adopting Signature.**—It is not necessary that a grantor should actually write his signature to a deed with his own hand. It is sufficient if written by the grantor's authority, or adopted by him as his signature.

**Same—Attestation.**—To pass the title, it is not necessary that a deed should be witnessed. It is the signing and sealing that constitute an instrument a deed; following *Morton* v. *Leland*, 27 Minn. 35.

**Same—Delivery—Intention of Parties.**—If a deed, after it is signed and acknowledged, is so disposed of as to evince clearly the intention of the parties that it should take effect as a conveyance, it is sufficient as a delivery.

**Trial by Court—Findings—Ultimate Facts.**—The facts required to be found by the court are the ultimate facts forming the issues presented by the pleadings, and not those merely evidentiary of them. Neither evidence, argument, nor comment has any legitimate place in findings of fact.

**Same—Findings, when Sufficient.**—Findings are sufficient if they cover all the issues made by the pleadings, and are sufficient as a foundation for a judgment; and the court is not required to set forth or explain the means or process by which he arrived at such findings.

Appeal by plaintiffs from an order of the district court for Ramsey county, refusing a new trial after a trial by *Brill*, J., without a jury.

*McCafferty & Fitzpatrick*, for appellants.

*H. J. Horn* and *John M. Gilman*, for respondents.

MITCHELL, J.    Action to determine an adverse claim to real estate. The plaintiffs were the heirs-at-law of Mary Grace, and defendants of John Grace, who, in their life-time, were husband and wife, and both of whom died intestate, in July, 1884, the former on the 19th and the latter on the 29th of that month.    The complaint alleged generally that plaintiffs were the owners of the property.    The answer alleged that John Grace was, at the time of his decease, the owner in fee-simple and seized of the real estate in question; and alleged the relationship of the defendants to John Grace, showing that they were his heirs-at-law.    It appeared that the title to this property had been, on and for some time prior to January 13, 1883, in Mary Grace. After the decease of John Grace, his administrator found among his papers two deeds of the real estate in question, one from John Grace and Mary Grace to Bridget Corcoran, bearing date January 13, 1883, and the other from Bridget Corcoran to John Grace, bearing date January 16, 1883, both purporting to have been acknowledged by the respective grantors on February 1, 1883, before George J. Flint, a

notary public, and attested by Flint and one Kate Conlan as subscribing witnesses. The decision of the case turned entirely upon the question whether the property belonged to John Grace at the time of his decease, and this, of course, depended upon the question of the execution of these two deeds, which are the sole basis of defendants' claim of title, but which plaintiffs claim are forgeries, or, at least, were never executed or delivered by the parties named as grantors. This was the sole question at issue, and to which all the evidence introduced upon the trial was directed.

Bridget Corcoran was a maiden sister of Mrs. Grace, and was, at the time these deeds purport to have been executed, an inmate of her sister's house. She was illiterate, being unable to write her name. She testified that she never signed the deed purporting to have been executed by her, and never authorized any one to sign it for her; that she never acknowledged the execution of any deed before Flint; that she never knew of or saw either of these deeds, and never knew that the title of the property had been in her. Kate Conlan, who was a niece of Mrs. Grace, testified that she went over one morning to Mr. Grace's; and, when in the kitchen with her aunt, her uncle, Mr. Grace, came to the door, and called her into the sitting-room, and there, at his request, she signed some papers, and immediately left the room, and returned to the kitchen; that she did not see either John Grace, Mary Grace, or Bridget Corcoran sign the papers, or any of them; that, in fact, she did not know what the papers were, although upon the trial she identified her signatures upon these deeds as those she made on the occasion referred to. It was also proved that the body of these deeds, as well as the signatures of Mary Grace and Bridget Corcoran, were all in the handwriting of John Grace. George J. Flint, the notary, testified that he was well acquainted with both John and Mary Grace; that on the evening of February 1, 1883, by previous arrangement, he went out to their house, was met at the door by Mr. Grace, who took him into the sitting-room, and called in Mrs. Grace and a lady who was introduced to him as Bridget Corcoran; that these two deeds were on the table, already signed; that he took the acknowledgment of Mr. and Mrs. Grace, and of Bridget Corcoran,—each, when asked, acknowledging his or her name signed

to the deed to be his or her signature; that he then signed each deed as a subscribing witness, filled up and signed the certificates of acknowledgment, after which Mr. Grace took both deeds. When confronted with Miss Corcoran in court, Mr. Flint was unable to identify her positively, although he testified that she resembled the person introduced to him as such on the occasion referred to.

The court found as facts that "John Grace was in his life-time, and at the time of his death, the owner in fee-simple of the real estate described in the pleadings, and that the defendants severally sustained the relationship to him set forth in the answer, and, as his heirs-at-law, were the owners in common of the property in the proportions named."

1. The appellants assign as error the admission of testimony to show that the consideration for the conveyance of a part of this property from J. C. Burbank to Mary Grace, in 1871, was paid by John Grace. This was, of course, not competent for the purpose of proving a use or resulting trust in favor of John Grace; and in view of the plain provision of the statute abolishing uses and trusts, and the decisions of this court upon the subject, it is not to be supposed that the court received the evidence for any such purpose. Gen. St. 1878, c. 43, § 7; *Sumner* v. *Sawtelle*, 8 Minn. 272, (309;) *Johnson* v. *Johnson*, 16 Minn. 462, (512.) But, as bearing upon the question of the transfer of title, through these deeds, from Mary Grace to her husband, we think the fact that he paid the consideration for the property might have some probative force as a corroborative fact. It might be a reason for the subsequent transfer of the title to Mr. Grace, and therefore make it more natural and reasonable that such a transfer would be made. It might not be entitled to any great weight, but we think it was competent. Both John and Mary Grace, the only real parties in interest to the deeds, being dead, considerable latitude should be allowed in admitting circumstantial evidence of a corroborative nature.

2. It is also claimed that the court erred in refusing to admit in evidence a declaration of Mary Grace to Kate Conlan, in response to an inquiry of the latter upon her return to the kitchen on the occasion referred to, "relating to the transaction of the deed,—the signing of

the deed." There are two reasons why this was not error: *First.* It did not appear what the nature of the declaration was, or that, if proved, it would have been at all material. When an offer of testimony is made, it must be full enough to enable the court to see that it is material. *State* v. *Staley,* 14 Minn. 75, (105;) *Austin* v. *Robertson,* 25 Minn. 431; *Follansbee* v. *Johnson,* 28 Minn. 311, (9 N. W. Rep. 882;) *Lucy* v. *Wilkins,* 33 Minn. 441, (23 N. W. Rep. 861.) *Secondly.* The evidence would have been mere hearsay. Declarations of a party, to be admissible as a part of the *res gestæ,* must be contemporaneous with, or at least so connected with, the main fact in issue as to constitute one transaction, and so as to derive credit from the act itself, and therefore qualify, characterize, or explain the main fact. 1 Greenl. Ev. § 108; Best, Principles of Ev. § 495; *O'Connor* v. *Chicago, Mil. & St. Paul Ry. Co.,* 27 Minn. 166, (6 N.W. Rep. 481;) *State* v. *Horan,* 32 Minn. 394, (20 N. W. Rep. 905.) But, in the case at bar, the declaration of Mrs. Grace was in no way connected with the main fact in issue, which was the execution by her of the deed. There is nothing to show that it was made at the time of either signing or acknowledging the deed. The deed, if executed by her, might have been executed long before, or not until long afterwards. Kate Conlan was not in any legal sense a subscribing witness to the deed. She neither saw Mrs. Grace sign it, nor acknowledge it as her deed. Neither did she sign the deed as a witness at Mrs. Grace's request. A declaration made under the circumstances was not at all connected with any *act* of Mrs. Grace which it could possibly characterize or explain.

3. The finding of the court that "John Grace was, in his life-time, and at the time of his death, the owner in fee-simple of the real estate described in the pleadings," was, we think, fully justified by the evidence. This finding, of course, must necessarily be based upon the due execution and delivery of the two deeds referred to. Assuming the evidence of the notary, Flint, to be true, there could be no doubt of the execution of the deed from John and Mary Grace to Bridget Corcoran; and, if this one was executed, there is every probability of the execution of the one from Bridget Corcoran to John Grace, notwithstanding her denial, and Flint's inability to positively

identify her. There is no reason why Mr. and Mrs. Grace should convey the property to Miss Corcoran except merely as a conduit by which to convey title to Mr. Grace. In view of her relationship to them, and the fact that she was an inmate of their house, she was just the person whom they would naturally select for that purpose. As she had no pecuniary interest in the matter, it is much more probable that the circumstance has escaped her memory than that her sister and brother-in-law, with no apparent object for so doing, introduced some other person to personate her.

It is not necessary that a grantee should actually write his signature to a deed by his own hand. If signed by the grantee's authority, or adopted by him as his signature, although written by another, it is a sufficient signing by the grantor. *Schmitt* v. *Schmitt*, 31 Minn. 106, (16 N. W. Rep. 543.)

The fact that Kate Conlan was not a subscribing witness would not affect the validity of the deeds. It is the *signing* and *sealing* that constitute an instrument a deed. *Morton* v. *Leland*, 27 Minn. 35, (6 N. W. Rep. 378;) *Johnson* v. *Sandhoff*, 30 Minn. 197, (14 N. W. Rep. 889.)

To constitute a delivery of a deed it is not necessary that there should be any actual manual delivery of the instrument. Whether there has been a delivery of a deed is rather a question of fact than of law, depending upon the intent of the grantor to vest an estate in the grantee. If a deed be so disposed of as to evince clearly the intention of the parties that it should take effect as a conveyance, it is sufficient. *Stevens* v. *Hatch*, 6 Minn. 19, (64;) *Schmitt* v. *Schmitt, supra; Thompson* v. *Easton,* 31 Minn. 99, (16 N. W. Rep. 542;) *Gaston* v. *Merriam*, 33 Minn. 271, (22 N. W. Rep. 614;) *Newton* v. *Bealer*, 41 Iowa, 334; *Somers* v. *Pumphrey*, 24 Ind. 231, 243.

In this case, Bridget Corcoran, the intermediate grantee, was a mere conduit through whom the title of the land was conveyed from Mrs. Grace to her husband, and the fact that the deeds, after they were signed and acknowledged, were placed at the disposal of and left with him, evinced an intention of the parties that they should take effect as conveyances. If so, there was a sufficient delivery.

4. The finding of the court that "John Grace was, at the time of

his death, the owner in fee-simple of the real estate," was sufficient, and there was no error in the refusal of the court to make the additional findings asked for by appellants. The findings were as specific as the allegations of the pleadings, and covered all the issues in the case. The facts required to be found are the ultimate facts forming the issues presented by the pleadings, and which constitute the foundation for a judgment, and not those that are merely evidentiary of them. The court is not required to find merely evidentiary facts, or to set forth and explain the means or processes by which he arrived at such findings. Neither evidence, argument, nor comment has any legitimate place in findings of fact. The test of the sufficiency of findings of fact by a court, we apprehend, is, would they answer if presented by a jury in the form of a special verdict, which is required to present the conclusions of fact as established by the evidence, and not the evidence to prove them, and to present those conclusions of fact so that nothing remains to the court but to draw from them conclusions of law. *Butler* v. *Bohn,* 31 Minn. 325, (17 N. W. Rep. 862;) Baylies on New Trials, 279, and cases cited; *Lane* v. *Borst,* 5 Rob. 609; *Dolan* v. *Merritt,* 18 Hun, 27; *Avery* v. *Foley,* 4 Hun, 415; *Quincey* v. *Young,* 5 Daly, 44; *Sermont* v. *Baetjer,* 49 Barb. 362; *Smith* v. *Coe,* 29 N. Y. 666; *Van Slyke* v. *Hyatt,* 46 N. Y. 259; *Sidenberg* v. *Ely,* 90 N. Y. 257; *Breeze* v. *Doyle,* 19 Cal. 101; *Rice* v. *Inskeep,* 34 Cal. 224.

In the case at bar the finding of fact that John Grace was, at the time of his death, the owner in fee-simple of the real estate in question was the ultimate fact upon which the decision of the case depended. It covered the only issue in the case, and was a sufficient foundation for a judgment in favor of defendants. It could only be arrived at upon the hypothesis that the deeds in dispute were duly executed, and the finding necessarily implied and included this.

The facts upon which plaintiffs sought additional findings—such as whether John Grace signed the names of Mary Grace and Bridget Corcoran to these deeds, whether they authorized him to do it, whether they ratified or adopted such signatures, whether the deeds were signed in the presence of Conlan and Flint, whether the deeds were legally and properly acknowledged by the grantors, etc.—were

all merely evidentiary facts, which had no proper place in findings.

The appellants suggest that the finding is so general that it cannot be determined whether the court based it upon these deeds, or upon a supposed equity in favor of John Grace owing to the fact that he paid the consideration for the property. There is no foundation for any such suggestion. As before remarked, it is not to be presumed that the court would so find on the latter ground, in the face of the explicit provisions of the statute and the repeated decisions of this court to the contrary. That such was not the basis of the finding is apparent from the fact that it could only apply to a part of the property. Clearly, the finding could have been arrived at only upon the basis of the execution and delivery of these deeds, and all that is necessary to that is included in and implied by the finding.

Order affirmed.