CHARLES BUTLER and another *vs.* CONRAD BOHN and another.

December 22, 1883.

**Trial by Court—Findings to state Ultimate Facts.**—In case of trial by the court, the statement of "facts found" required by the statute is a statement of such ultimate facts as are the legal effect of the evidence determinative of the material issues in the case, and necessary as the basis of a judgment.

**Contract providing for Retention and Application of Part of Price.**—Defendants having let a job to plaintiffs for a specified price, it was agreed between them that $5,000 thereof should be retained by defendants for a purpose for which, for aught that appears to the contrary, it has been employed. The agreement for the retention was repeatedly recognized, and at length completely carried out by the co-operation of the parties. *Held,* that this is effectual as a gift of the $5,000, or an abatement of that sum from the contract price.

**Same—Executed Corrupt Contract.**—If the agreement was a corrupt one, it having been completely executed, the law will leave the parties where it finds them, and will give affirmative aid to neither.

**Receipt with word "Dollars" omitted.**—A duly-signed receipt in the form following, viz.: "$1,100. Received this fifteenth day of August, 1882, eleven hundred on \* \* \* asylum contract of fifty-five thousand dollars,"—is a receipt for $1,100.

In April, 1881, the plaintiffs made a contract with the defendants, whereby the former agreed to do the general mason work required for the rebuilding of the north wing to the Minnesota State Hospital for the Insane at St. Peter, for the sum of $55,000. The work was duly completed and accepted, and this action was brought in the district court for Winona county, to recover a balance owing on the contract, and for certain extra work, in connection therewith.

The plaintiffs, in their pleadings, admit payments amounting to $52,468.73, and the answer of defendants claims payments amounting to $57,877.48. On the trial, before *Start,* J., a jury having been waived, the defendants introduced in evidence an itemized statement of payments amounting to the claim in their answer. Plaintiffs

having objected to certain items of this statement, the defendants introduced in evidence written receipts (including Exhibit P, mentioned in the opinion,) signed by plaintiffs, and covering all the items objected to. The defendants also introduced in evidence the following, viz.:

"Memorandum of agreement made this day between Butler & Lohse and Bohn & Wilce, that this is to show between above-named parties that there is now a contract existing between the above parties of the amount of $55,000, for doing mason work on asylum. It is agreed that there is five thousand to be retained on same contract, *pro rata*, to defray paying expenses in getting contract by the said firm of Bohn & Wilce.

"*St. Peter, Dec. 9, '81.*                BUTLER & LOHSE."

The plaintiffs then testified that the receipts offered in evidence were in whole or in part given, not for payments of money, but to cover the $5,000 mentioned in the above agreement. It was admitted by both parties that the defendants had not at any time or in any way paid anything to the Board of Trustees of the Insane Asylum, or to any member thereof.

The court found a balance due to the plaintiffs, and ordered judgment therefor, allowing the defendants, in substance, their entire claim of payments, as shown by the statement in the opinion. Plaintiffs' motion to make the findings more specific having been denied, judgment was entered from which plaintiffs appealed.

On cross-examination defendant Bohn testified that he did not represent to the plaintiffs that he had to pay money to the Board of Trustees and the Superintendent to get this contract and estimates. His testimony on re-examination was "In saying that $5,000 more is represented in the receipts than was actually paid to the plaintiffs in money, I mean that money was not paid to the plaintiffs in person." On re-cross-examination, Bohn was asked, "To whom and for what purpose did you pay any part of this $5,000 included in these receipts read in evidence, which you say you did not pay to plaintiffs?" On defendants' objection this question was excluded as not being proper cross-examination.

*Lloyd Barber*, for appellants.

*Gould & Snow*, for respondents.

BERRY, J. This is an action for a balance due for work and materials. Whether defendants are entitled to a certain $5,000 item of credit is the principal matter in controversy. The trial court finds that they are entitled to it, and judgment was rendered accordingly. The finding is in the form of an itemized statement of indebtedness and credits. ᐟAs to the latter, the finding is, "that before the commencement of this action, the plaintiffs had been paid by the defendants upon said indebtedness, in money paid to and for them at their request, in merchandise and credits, all sanctioned by them, and agreed to be taken and considered as payments to them, to apply on said indebtedness, the aggregate sum of $57,668.73, viz.:

| | |
|---|---:|
| Amount admitted in the amended reply, - - | $52,468 73 |
| Disputed payments for which defendants hold plaintiffs' receipts, - - - - - - | 5,000 00 |
| Paid experts examining walls of hospital building, | 200 00 |
| | $57,668 73 |

As to the second item, viz., that of "disputed payments," (being the same principally in controversy,) the plaintiffs moved for additional findings, stating "specifically when, where, to whom, and how, or in what manner, and for what purpose, was the five thousand dollars paid." The motion was properly denied. In case of trial by the court, the statutory requirement is that, "in giving the decision, the facts found and the conclusions of law shall be separately stated; judgment upon the decision shall be entered accordingly." Gen. St. 1878, c. 66, § 242. The facts found are to be separately stated in giving the decision; that is to say, in *deciding* the material issues of fact in the case. Of course, this does not mean that the finding shall contain a statement of the evidence, nor (as requested by the plaintiffs' motion in the present instance) the details of fact which the evidence establishes, but such ultimate facts as are the legal effect of the evidence determinative of the material issues in the case, and necessary as the basis of a judgment. *Van Slyck* v. *Hyatt*, 46 N. Y. 259; *Sermont* v. *Baetjer*, 49 Barb. 362; *Nelson* v. *Ingersoll*, 27 How.

Pr. 1; *Bazille* v. *Ullman*, 2 Minn. 110, (134.)   Now, as respects the
$5,000 item in controversy, this ultimate fact is that it is an item
of payment (so described as to identify it) with which the defendants
are entitled to be credited on their indebtedness to plaintiffs.   This
ultimate fact is found, and as respects it the finding is therefore suffi-
ciently specific.

2. The finding as to the $5,000 item is supported by the evidence.
Whatever may have been the object of the parties, the testimony,
oral and written, certainly tends to show that there was an agree-
ment between them that $5,000 of the contract price of the plain-
tiffs' work should be retained by defendants for a purpose for which,
for anything that appears, it may have been employed.   The agree-
ment for the retention seems to have been repeatedly recognized, and
at length completely carried out by the co-operation of the parties.
It was equivalent to an agreement that $5,000 of the contract price
should be regarded as paid.   This would be effectual, at least, as a
gift of the $5,000, or an abatement of that sum from the contract
price in defendants' favor.   It is not perceived how the suggestion
that the agreement was a corrupt one can help the plaintiffs.   Upon
the facts above stated the agreement is completely executed, and the
law leaves the parties (who are *in pari delicto*) where it finds them.
It will give no affirmative aid to either.   *Sharp* v. *Wright*, 35 Barb.
236.

3. Exhibit P is in this form:

"$1,100.   Received this fifteenth day of August, 1882, eleven hun-
dred on contract of asylum contract of fifty-five thousand dollars.

"*St. Peter, August 15, 1882.*                    BUTLER & LOHSE."

This is manifestly a receipt for $1,100, and as such it was prop-
erly received in evidence.   It might well be regarded as such receipt
in the absence of the marginal figures.   But these figures remove all
doubt.   None of the cases cited by plaintiff to the contrary present
an equivalent state of facts, and besides they relate to commercial
paper.

As to the question excluded by the court upon the recross-exami-
nation of Bohn, we were much inclined, upon the argument at bar,

to think the exclusion error; but, upon a careful perusal of the testimony and further reflection, we are of a different opinion. So far as the question inquired "*to whom*" the $5,000 was paid, we perceive no reason why (if that were all) it would not have been legitimate cross-examination; but in inquiring "*for what purpose*" it was paid, it went so far that the court might properly exclude it, in the exercise of a necessary discretion, as not proper cross-examination; for upon this matter of *purpose* Bohn had said nothing whatever upon his re-examination, and, besides, it was a matter as to which he had been interrogated on his original cross-examination, and as to which it distinctly appears that there was then ample opportunity for plaintiffs to cross-examine him as much as they desired. In these circumstances the exclusion cannot be said to have been erroneous.

The other assignments of error on behalf of the plaintiffs do not appear to require special consideration in this opinion.

Judgment affirmed.