PETER MOQUIST and Another v. CHARLES E. CHAPEL.[1]

Oct. 17, 1895.

Nos. 9619—(257).

**Admissions at Trial.**

*Held* that, upon the admissions of fact and concessions as to the law made by plaintiffs on the trial, judgment was rightly ordered for the defendant.

**Appeal—Shifting Position.**

If a cause is rightly decided according to the positions taken by a party on the trial, he cannot complain. He cannot shift his position on appeal, and urge that some other position was the correct one, and that for that reason the case should have been differently decided.

Appeal by plaintiffs from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*A. B. Darelius*, for appellants.

*Herbert E. Day*, for respondent.

MITCHELL, J. The complaint alleged that, on a day named, the plaintiffs, as co-partners, were the owners of and in possession

[1] Reported in 64 N. W. 567.

of certain chattel property, and that on that day the defendant wrongfully converted the property to his own use. The answer alleged that, on the day named in the complaint, the defendant, as sheriff, under and by virtue of a writ of attachment against one of the plaintiffs, levied on the property, and took it into his custody, and that he still held the property by virtue of such levy. When the case came on for trial, "the attachment papers" were put in evidence, and plaintiffs admitted that they were regular on their face, and that the property was taken by the defendant under the writ of attachment. The return of the sheriff on the writ, which was also in evidence, and was admitted to be regular on its face, was to the effect that, on the day named in the complaint, the defendant levied upon and attached all the right, title, and interest of the defendant in the writ in the property in question. Upon these facts the court ordered judgment in favor of the defendant.

All of plaintiffs' assignments of error go to the question of the correctness of this ruling. Their counsel does not now question but that, under the decisions of this court, the interest of one partner in the partnership property may be levied on under process against him, and that, for the purpose of making such levy effectual, the officer may take the property into his custody, and hence that the original taking of this property by defendant under the writ was lawful; but his contention is that, under the complaint, he had a right to prove a subsequent wrongful conversion of the property by the sheriff, which would render him a trespasser ab initio, and hence that the court erred in ordering judgment for the defendant.

The record discloses all that passed between court and counsel upon the trial, and, while it may give support to the statement of plaintiffs' attorney in his argument that on the trial counsel "did not know where they were at," yet we cannot construe the record otherwise than as showing that plaintiffs' counsel stood squarely and exclusively upon the proposition that the act of the defendant in levying upon the property and taking it into his custody, under the writ, constituted a wrongful conversion, and was the conversion of which he complained. In the first place, the admissions made on the trial were made for the purpose of presenting some legal question to be raised by defendant's motion. What this ques-

tion could be, unless it was the right of the sheriff to levy upon and take the custody of this property under the writ, it is difficult to conceive. That this was the question in mind is indicated by the fact that, after the admissions were made, defendant's counsel cited authorities to the proposition that an officer could levy on partnership property under process against the property of one of the partners. The court then seems to have called on plaintiffs' counsel to hear what he had to say to this proposition. Counsel's answer was: "It seems to strike pretty hard at this case." The court then said: "That is, that the conversion which you here charge was a conversion by wrongfully taking possession of this property; that is, the conversion was by levying upon it and exercising over it the custody and authority which a sheriff ordinarily does." Then, after calling attention to the fact that the conversion alleged was of the date of the levy, and the answer of the sheriff was that he took it under the writ, and that, under the decisions of this court, he had a right to take the custody of the entire property, the court then adds: "Wouldn't that be a sufficient answer to your suit, and would you be permitted to show here that he subsequently released the levy, or subsequently he so conducted himself as to appropriate it in a way that would be actionable?" To which counsel replied: "I think not. I think I am bound to establish a conversion as of the date alleged in the complaint."

It seems to us that the only inference to be drawn from this is that plaintiffs' counsel stood exclusively upon the proposition that the act of the sheriff in levying upon and taking the custody and possession of partnership property under a writ against the property of one of the partners individually constituted a wrongful conversion. The trial court could not have otherwise understood counsel's position. Neither in the pleadings nor during the trial was there the slightest suggestion of any subsequent act of the defendant with reference to the property that would have amounted to a trespass or a wrongful conversion. Further than that, the counsel admitted to the court that, even if there had been, he could not prove it in this action. Under the admissions as to the facts and the law made by plaintiffs' counsel in open court, there was no error in directing judgment for the defendant. Having submitted his case upon one theory of the law and facts, a party cannot complain

if it is correctly decided according to that theory, or be afterwards heard to say, if some other theory had been presented, it should have been decided differently.

In some of the remarks made by the trial judge during the trial, as well as in his memorandum, he intimates that, the original taking under the writ being lawful, even if the sheriff subsequently appropriated the entire property to the payment of the debt of the defendant in the writ, this would not constitute a cause of action in favor of the partnership; that the only remedy would be an action by the other partner for an accounting. Whether the court was right or wrong in this is not important. It is the decision of the court, and not his reasons for it, or his views on questions of law not before him, that is here for review.

Order affirmed.