JOHN E. ENGSTAD v. JENS SYVERSON and Others.

May 9, 1898.

Nos. 11,038—(89).

**Administrator's Bond — Action by Creditor — Signature of Sureties Obtained by Fraud—Negligence—Estoppel.**

In an action by a creditor of an estate on the administrator's bond, the breach assigned being the failure of the administrator to pay the claim upon demand after it had been allowed and ordered paid by the probate court, the sureties interposed as a defense that they were induced to sign the paper by the fraud of the judge of probate; that he presented to them a printed blank, and represented that it was merely a certificate of the relationship of the administrator to the deceased; and that they signed it without reading it, in reliance on these representations, and not knowing that it was a bond. The sureties were men of ordinary intelligence, able to read and write, and had ample opportunity to read the paper if they had so desired. The most casual inspection of it would have disclosed the fact that it was a blank administrator's bond. The administrator entered upon the duties of his office, reduced the assets to possession, and then removed from the state. *Held* that, conceding the facts to be as claimed by the sureties, their conduct was so grossly negligent that they are estopped to deny the execution or validity of the bond as against creditors or other beneficiaries of the estate.

**Submission of Single Issue to Jury—Failure to Object—Waiver of Other Issues.**

Where a case is tried upon the theory that the only issue is as to one question of fact, and the court, without objection by the party, instructs the jury that this is the only question submitted to them, and that their

verdict is to depend exclusively upon their determination of the question, the party thereby consents that the case may be tried and determined upon that one issue, and cannot afterwards urge that the evidence upon some other question of fact was insufficient to justify the verdict.

Action in the district court for Polk county against Jens Syverson, as principal, and Tom O. Sundet and Ole O. Sundet, as sureties, upon an administrator's bond to recover from them $200, the amount of a preferred claim allowed plaintiff by the probate court of Polk county against the estate in which the bond was given. From an order of the district court, Ives, J., granting a motion for a new trial, after a verdict in favor of plaintiff for $205, plaintiff appealed. Reversed.

*Ole J. Vaule,* for appellant.

*De Forest Bucklen* and *H. Steenerson,* for respondents.

MITCHELL, J.

This was an action on an administrator's bond to recover the amount of a claim against the estate of the intestate.

The complaint alleged that the claim had been allowed and payment ordered by the probate court, and payment demanded of the administrator, but that he had not paid the same, although he had ample assets in his hands to do so. The evidence was conclusive that the claim had been allowed; that the court ordered its payment forthwith; that this order had been served on the administrator by mail, which he received at his residence in North Dakota, to which he had previously removed. As he was not only absent from the state, but had permanently removed therefrom, this was a sufficient demand of payment, assuming that any demand was necessary under the circumstances. The sureties denied the execution of the bond, and that was the only issue submitted to the jury, which found a verdict for plaintiff.

The court, on motion of the defendants, granted a new trial, on the ground of errors occurring at the trial and of the insufficiency of the evidence; stating in his memorandum that his charge was not so full as it might have been, and that he was not sure but that the jury might have been misled by it. He might have correctly added that all the errors, either of omission or commission,

in the charge were favorable to the defendants, and prejudicial to the plaintiff. He also stated in his memorandum that he was not entirely satisfied that there was sufficient evidence to warrant the verdict. In this the trial court was clearly mistaken. Upon the issue submitted to the jury, the evidence was such as not only to justify, but as to require, a verdict for the plaintiff.

The principal in the bond in suit was appointed administrator of the estate of his deceased wife in September, 1893, the time when the bond purports to be executed. He entered upon his duties and reduced to possession the assets of the estate to the amount of $3,400, and removed from the state without disbursing or accounting for any part of it, unless it be about $500, for funeral expenses, taxes and costs of administration.

The sureties admitted the genuineness of their signatures to the bond, but testified that when they went to the office of the probate court the judge of probate presented to them a printed blank, stating to them that it was no bond, but just a certificate that Syverson (the administrator) was the husband of his deceased wife; that, without examining or reading it, they signed it, in reliance upon the statement of the judge as to the nature and purpose of the instrument. There is no pretense that they were not men of ordinary intelligence, or that they were unable to read the paper, or that they had not ample opportunity to do so if they had desired. The most casual inspection of the printed blank would have quickly disclosed the fact that it was a blank form for an executor's or administrator's bond, and that the blanks in it could not have been filled in so as to make it an instrument of the character which they say the judge told them it was. They knew the blanks were not filled, and they must have known that it was necessary that they should be filled in order to make it a complete instrument for any purpose. Their story is extremely improbable and unreasonable. The judge of probate is dead, and the only living person, if any, who could contradict the testimony of the sureties, is their absent and defaulting principal. If bonds of this kind can be avoided on any such flimsy pretext, they are of very little value to creditors and heirs.

Even if their testimony is true, their negligence was so gross

and reckless that they are, as to creditors and heirs, estopped to deny that the instrument is their bond. This principle of equitable estoppel by conduct is the only one necessary to invoke. It must be remembered that the judge of probate is merely the officer of the law, and in no sense the agent of the creditors or others beneficially interested in the estate. Hence his fraud is not imputable to them.

On the trial the plaintiff proved the allowance of his claim, the order of the probate court directing its immediate payment, the service of the order on the administrator, the existence of assets in his hands, and then rested, without introducing any evidence that the administrator had not paid it. It is now claimed that the general rule that payment is an affirmative defense does not apply; that, in order to establish a breach of the conditions of the bond as against the sureties, the burden was on the plaintiff to prove nonpayment affirmatively; and that therefore the evidence was, for that reason, insufficient to justify the verdict. It is apparent from the record that no such point was raised or suggested on the trial. In their answer the defendants had not rested on a denial of the allegations of the complaint, but had set up as an affirmative defense that the claim had been paid; but they offered no evidence in support of it.

Aside from the facts of the allowance of plaintiff's claim, the court's order for its payment, the service of that order on the administrator, and the existence of funds in his hands, all the evidence offered by either party was directed exclusively to the issue as to the execution of the bond. That was the only issue submitted to the jury. The court expressly instructed the jury that this was the only question in the case, viz. "whether or not the parties signed this paper knowing it to be a bond." They were, in effect, instructed that their verdict was to depend entirely upon how they found on this question. To this charge the defendants made no objection, and took no exception. Their conduct amounted to a waiver of the defect, if any, in plaintiff's evidence upon the question of payment, and to a consent that the case should be tried and decided upon the issue as to the execution and validity of the bond. The point now made is evidently an afterthought,

and, without considering its abstract merits as a question of law, we are of opinion that the defendants cannot now be allowed to raise it in this court.

Order granting a new trial is reversed, and the cause remanded, with directions to the court below to enter judgment on the verdict in favor of the plaintiff.