JOHN OLSON v. CLARA VEDELER FISH and Others.

January 6, 1899.

Nos. 11,443—(175).

### Bond to Secure Distribution of Estate of Decedent—Mistake of Sureties —Estoppel.

In an action by a creditor upon a bond given by the sole heir at law to secure a decree of distribution of the estate of the decedent to her, which was conditioned to pay the debts of the deceased and the expenses of administration, the sureties made the defense that they executed the bond supposing it to be the bond of the administratrix, as such, and not, as heir, to secure the distribution of the estate. No fraud was claimed. They could read and write, but they neither read the bond, nor made inquiry as to its provisions or effect. The probate court made the decree of distribution upon the faith of the bond. *Held*, that the sureties are estopped to deny the execution or validity of the bond, as to creditors.

### Finding Sustained by Evidence—Statute of Limitations.

*Held*, that the evidence sustains the finding of the trial court to the effect that the probate court made the decree on the faith of the bond, that plaintiff was a creditor of the deceased, and that his cause of action was not barred by the statute of limitations.

From a judgment of the district court for Polk county in favor of plaintiff for $821.57, entered pursuant to the findings and order of Ives, J., defendants Royem and Rapp appealed.   Affirmed.

*A. A. Miller*, for appellants.

*Albert Johnson*, for respondent.

START, C. J.

This was an action by the plaintiff, as a creditor of the estate of Minton Holmes, deceased, on a bond executed by Clara Holmes, his wife and sole heir at law, as principal, and her co-defendants, as sureties, to the judge of probate of the county of Polk, for $1,000, conditioned that, if she should receive her share of the estate of the deceased by the decree of the court, she would pay the debts of the deceased and the expenses of the administration.   The answer of the sureties was a general denial.

As found by the trial court the facts are substantially that Minton

Holmes on October 9, 1892, died intestate in the county of Polk, leaving his widow, Clara Holmes, him surviving, who has since remarried, and is now known as Clara Vedeler Fish. He died seised of certain real estate in Goodhue county. On December 12, 1892, his widow was by the probate court of Polk county duly appointed administratrix of his estate, and letters of administration were duly issued to her. On the next day she presented her application and affidavit to the probate court for a decree distributing the entire estate of the deceased to her as his sole heir, and the bond which is the basis of this action was delivered to the court and duly recorded. The probate court, upon the application, affidavit and bond, made its decree on December 13, 1892, assigning to and vesting in Clara Holmes, as such heir, all of the estate of the deceased. Other than this bond, no provision was made for the payment of the debts of the deceased.

Minton Holmes, on December 23, 1889, executed for value his promissory note to the plaintiff in the sum of $500, which he promised to pay, with interest. The probate court by its order duly limited the time for presenting claims against the estate, and fixed a time for a hearing thereon. The plaintiff duly presented and made proof of his claim, which was allowed in the sum of $600 by the court on July 10, 1893,—the day appointed for the hearing. Plaintiff thereafter duly demanded the payment of his claim, but the defendants have never paid it.

Plaintiff was duly authorized and given permission by the order of the probate court to prosecute this action on the bond in his own name and for his own benefit. As a conclusion of law, the trial court found that the plaintiff was entitled to recover from the defendants the amount of his claim against the estate of the deceased. The sureties on the bond appealed from the judgment entered upon the findings.

The appellants assign several alleged errors as to the admission of evidence on the trial which are not discussed or referred to in their brief. The real contention of the appellants is that the evidence conclusively shows that they executed the bond as and for an administrator's bond, that it was so treated by the probate court, and that it did not make its decree assigning the estate by reason

of the bond; hence the findings of the trial court are not sustained by the evidence.

The evidence shows that the bond is, in form and in substance, a bond such as G. S. 1894, § 4664, requires as a condition precedent to the making of the decree in question. It also shows that the judge of probate gave to one of the sureties a printed form for such a bond, without any statement or representation whatever, which the sureties executed and acknowledged after the blanks were filled, without reading or inquiry, supposing it to be an administrator's bond; that both the sureties were intelligent business men, and able to read and write, and that the bond, after the petition for the appointment of the widow as administratrix was made, but before the hearing thereon, was filed with the probate court; and, further, that the decree did not recite the giving of the bond, but that on the day it was made the probate court recorded the bond, and indorsed his certificate of such record upon the bond, and made in the probate registry this entry: "Bond of heir, devisee, or legatee filed."

There was no affirmative evidence in the case that any general bond was given by the administratrix. Where an executor is the sole or residuary legatee, and he gives a bond to pay the debts and legacies, no general bond as executor is required. Section 4460. Where the administrator is the sole heir, and gives the statutory bond to pay the debts and expenses of administration for the purpose of securing a distribution to him of the estate, there is no more necessity for his giving a general bond before letters of administration are issued to him than there is in the case of an executor and sole residuary legatee. In either case the bond is a substitute for the estate for the payment of creditors.

The bond which an administrator is required to give is substantially the same as is required of an executor, with such variations as are necessary to make it applicable to the case of an administrator. G. S. 1894, § 4482. Therefore it would seem that where the administrator is the sole heir, and gives the bond to secure a decree of distribution of the estate to him, no general bond as administrator is required by the statute. Evidently such was the construction given to the statute by the probate court in this case, but whether it was right or wrong is immaterial, for the omission

to give an administrator's bond in this case was an irregularity which would not render the order appointing the administratrix void in a collateral action.

The evidence fully sustains the finding of the trial court that the defendants executed the bond in question, and that the decree distributing the estate was made upon the faith of such bond. The claim of the sureties that they did not know the contents of the bond, and signed and acknowledged it supposing it to be the administratrix's general bond, cannot be entertained for a moment. They are estopped to deny its execution or force as against creditors. Engstad v. Syverson, 72 Minn. 188, 75 N. W. 125.

The appellants make the further claim that this action is barred by the statute of limitations. The action is upon the bond, not upon the note; and conceding, without so deciding, that the judgment of the probate court in allowing the claim is not binding on the obligors in the bond (see Durfee v. Abbott, 50 Mich. 278, 15 N. W. 454), the fact remains that the respondent on the trial made plenary proof that he had a valid and enforceable claim against the estate of the deceased at the time the bond was executed and the decree made. Besides, the statute of limitations was not pleaded, nor did it appear from the evidence that an action on the note was barred when this action was commenced.

Judgment affirmed.