HASTINGS GEHR v. AUBREY M. KNIGHT.

June 21, 1899.

Nos. 11,677—(181).

### Action to Determine Adverse Claims—Findings of Fact—Conclusions of Law.

In an action to determine adverse claims to vacant and unoccupied real estate, the court found as facts that defendant was and is the owner in fee simple of the premises, and that plaintiff was not such owner. It then stated in the findings that plaintiff claimed the lands by virtue of certain tax-assignment certificates issued to him by the county auditor, and for which he had paid certain stated sums of money into the county treasury, and, in substance, that these assignments were in proper form, and conveyed to plaintiff all of the right, title, and interest of the state acquired at a certain tax sale. It was also found that notices of the expiration of the redemption period had been duly issued, and served by publication, of which proof had been duly filed more than 60 days before the commencement of this action. There was no finding that redemption had not been made. Treating the statements concerning plaintiff's claims as proper findings of fact, and not as mere evidentiary matters, it is *held*, that they do not affect or contradict the finding of the ultimate fact that defendant was and is the owner of the premises in fee simple.

Action in the district court for Renville county to determine adverse claims to land. The case was tried before Qvale, J., who found in favor of defendant; and from a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Charles J. Berryhill,* for appellant.

*M. O. Little,* for respondent.

COLLINS, J.

This is an appeal from a judgment in defendant's favor in an action brought to determine an adverse claim to vacant and unoccupied tracts of land. The record presented consists of the pleadings, the findings of fact, with conclusions of law, and the judgment. The claim made in behalf of the plaintiff is that on the facts, as found, judgment should have been ordered for him, instead of for his adversary.

The findings are that, before the commencement of the action,

defendant "became and is the owner in fee simple" of the land in dispute, and that plaintiff is not the owner of the same. Then follow findings to the effect that plaintiff claimed the premises by virtue of certain tax-certificate assignments issued to him by the auditor of the county of Renville, in which county the land is situated, of date July 30, 1895, and for which he paid into the county treasury a stated sum of money for each tract. The findings then set forth certain matters in reference to these certificates, which conclusively establish that they were issued in a regular way by the auditor, and which justify what is finally found,—that there was assigned by the state to plaintiff all of the right, title, and interest which had previously been acquired, under the provisions of G. S. 1894, § 1592, at a tax sale held in 1893, and that the certificates complied in all respects with the form prescribed in section 1601. There was also a finding that notices of the expiration of the period of redemption had been duly issued, and served by publication, as by law provided, and that proof thereof had been duly filed more than 60 days prior to the commencement of the action. Although the plaintiff had alleged in his reply, wherein he had set forth his claim of title quite in detail, that there had been no redemption of any of these tracts of land from the tax sale in question, there was no finding whatsoever upon this point. There were other findings in reference to certain alleged irregularities in respect to the tax proceedings, but, as we look upon the record, no further reference thereto is important.

Therefore the court found, as an ultimate fact, that when this action was commenced, and thereafter down to the making of the findings, the defendant was the fee owner of the real property in controversy, and, further, that the plaintiff was not the owner. It then went on to find or state that the latter claimed the premises by virtue of the state assignment certificates which had been issued to him, and for which he had paid certain named amounts into the county treasury, and that notices of the expiration of the period of redemption from the tax sales had been duly issued, and served by publication, more than 60 days before the commencement of this action, of which proof had been made and filed. Section 1654. Here the findings or statements ended, in so far as they related to

the claim asserted by plaintiff under the certificates, or the steps subsequently taken thereon.

Treating the statements in respect to the certificates and notices to redeem as something more than mere evidentiary matters, and as proper findings of fact (see Butler v. Bohn, 31 Minn. 325, 17 N. W. 862), and putting aside a suggestion that a finding as to what plaintiff claimed by virtue of the certificates is not equivalent to a finding that there was any foundation for his claim, or that he actually held such certificates, they fall short of affecting, controlling, or overcoming the ultimate facts found,—that defendant was and is the owner in fee, and that plaintiff is not such owner. The findings were not even contradictory in any degree, for it may have been true that plaintiff procured the certificates, caused the notices as to redemption to be issued and served, and proof of such service to be made and filed, more than 60 days before this action was instituted, and also true that defendant was and remained the fee owner of the premises. There might be a number of reasons why the defendant's title was undisturbed and unaffected by the various matters and things set out in the findings. There may have been no valid judgments on which to base sales to the state, or which would authorize assignments by the auditor in behalf of the state, or there may have been redemptions; for there is no finding, as before stated, that no redemptions were made.

It is not to be inferred from the statement that proof of service of the notices had been filed more than 60 days before the commencement of this action that no redemptions had been made. The certificates are simply made prima facie evidence that all the requirements of law with respect to the sale have been duly complied with, and also of title in the grantee therein named to the described property, after the time for redemption has expired. Sections 1594, 1601. This prima facie evidence or proof of title may be met at the trial, rebutted, and completely overthrown. On these findings, we must presume that this is what occurred. In Bell v. Dangerfield, 26 Minn. 307, 3 N. W. 698, it was held that when title to land in a party pleading is essential, and he alleges that he has title, and then proceeds to show how he acquired it, he must state all the facts necessary to vest the title in him. Applying this rule to find-

ings, we note that there was—First, a finding that plaintiff had no title; and, second, findings or statement of facts which were insufficient to show that he had. The effort to show how he obtained title was ineffectual.

The trial court, in its conclusions of law, directed, as a condition precedent to the entry of judgment in his favor, that defendant pay into court for the use and benefit of the plaintiff the amount paid by him for the certificates, with interest, less the costs and disbursements herein; and plaintiff's counsel urges that it was error not to include in the amount the fees of the sheriff and printer, incurred in and about the serving and publication of the notices to redeem. We are not advised upon what ground the trial court placed the conclusion of law, for there was nothing in the findings which warranted it. But no complaint is made by defendant's counsel, and so it must stand. The contention is, however, on the part of plaintiff, that the court should have included in the conclusion, and under the provisions of section 1610, the payment of the sheriff's and printer's fees incurred in the service of the notices to redeem. It is immaterial whether the provisions of the section are applicable in actions to determine adverse claims or not. There was nothing in the findings as to a tax judgment, and nothing to indicate that one was to be vacated, set aside, or affected in any way. As there was no finding which warranted a conclusion that defendant should pay any sum into court as a condition precedent to the entry of judgment in his favor, there is no merit in the contention of counsel.

Judgment affirmed.