BRIDGET COGGINS v. DELOS HIGBIE.[1]

April 26, 1901.

Nos. 12,625—(88).

**Principal and Agent—Employment of Certain Person.**

In this case one of two owners of stacks of grain authorized the other owner to employ a person operating a threshing outfit to thresh the grain, and to have it done by a particular person. The party so authorized to make the bargain employed another than the one designated to do the work. Such agency, under the facts found, was general, and the party employed, after the work was accepted, could recover his pay for his work or the share thereof due from each of the owners respectively.

**Findings Sustained by Evidence.**

Evidence considered, and·held sufficient to support the findings of fact by the trial court, and that the findings of fact sustain the conclusions of law.

**Amendment of Findings.**

A request for amended findings of fact that are immaterial, or that call for a statement of the evidence upon which such findings are made, may be properly refused by the trial court.

Action in the district court for Steele county to recover $55.24 for services rendered. The case was tried before Buckham, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Harlan E. Leach,* for appellant.

*R. P. Hoskyn,* for respondent.

LOVELY, J.

Action to recover for services on an alleged agreement to thresh defendant's grain on his farm carried on by a tenant. The case was tried to the court without a jury. The court found that services had been rendered as alleged in the complaint, and their value, for which judgment was ordered. Defendant made two distinct applications for amended findings, which were refused.

[1] Reported in 85 N. W. 930.

Upon a settled case containing the evidence, motion for new trial was denied, from which order defendant appeals.

The most favorable view of the evidence in support of the findings of fact by the trial court authorizes the following conclusions: That plaintiff was the owner of a threshing outfit. Her son, Edward Coggins, Jr., was her agent to make contracts for threshing for farmers. Defendant was the owner of a farm carried on by one Jurgensen under a contract between him and defendant that each should receive one-half of the grain raised thereon. That at the end of the season, when it was necessary to thresh the grain, defendant told Jurgensen, under the supposition that Edward Coggins, Sr., husband of the plaintiff, owned the threshing outfit, that he had better get him to do the threshing for Jurgensen and himself. Jurgensen, under this authority, made a contract including the portion of the grain owned by defendant as well as by Jurgensen, without disclosing any desire of defendant to have it done by Edward Coggins, Sr. The latter was indebted to the defendant, and in this action he attempts, under the issues framed for that purpose, to offset such judgment against the claim of plaintiff. The negotiations between Jurgensen and the plaintiff were made through her son, Edward Coggins, Jr. The threshing was done by plaintiff. Under an agreement between defendant and Jurgensen, each was to pay one-half of the threshing bill. Jurgensen paid his half. Defendant refused payment of his moiety, but attempted to apply what was due from him for the threshing on the judgment he held against Edward Coggins, Sr. Defendant urges that the authority of Jurgensen was limited to the employment of Edward Coggins, Sr., and that the plaintiff is not entitled to recover for that reason. There was also a contention that the threshing outfit was owned by Edward Coggins, Sr., and the work was actually done by him. The trial court found that the services were performed by the plaintiff. The evidence was ample to sustain such finding, and we must hold also that under the circumstances detailed above the authority of Jurgensen to make the agreement to secure the threshing services with plaintiff was general, and, the benefits thereof having been accepted by the de-

fendant, he became liable to pay for his share of the work. The evidence fully sustains the findings of the court to that effect, as well as the conclusions of law based thereon.

Exceptions were taken to the refusal of the trial court to amend certain findings of fact in respect to mere subsidiary details, and not of ultimate facts. The desired amendments were either immaterial or amounted to a catechism of the court as to the evidence upon which its findings were based, which was not proper. There was no error in refusing the same.

Order affirmed.