NELLIE FITCHETTE v. VICTORIA LAND COMPANY.[1]

December 16, 1904.

Nos. 14,204—(139).

**Adverse Claims.**

In an action to determine adverse claims, the court, having found the ultimate facts at issue, was not required to find upon matters of evidence.

**Evidence.**

The evidence was sufficient to sustain the findings of fact.

Action in the district court for Hennepin county to determine the adverse claims of defendant to certain land in possession of plaintiff. The case was tried before Willard R. Cray, J., who found in favor of

[1] Reported in 101 N. W. 655.

plaintiff.　From an order denying a motion for amended findings or for a new trial, defendant appealed.　Affirmed.

*Walter N. Carroll* and *Wilson & Mercer,* for appellant.

*Tryon & Booth,* for respondent.

LEWIS, J.

This is an action to determine adverse claims, and the complaint alleges that plaintiff owned a certain leasehold in Minneapolis, and during all the time mentioned, being in possession thereof, entered into a written contract with defendant by which she agreed to convey the same to defendant for $23,000; $500 to be paid in cash at the date of the execution of the agreement, $12,500 to be paid May 30, 1902, and the remainder of $10,000 to be paid by note secured by mortgage.　The complaint states that, without cause, defendant refused to accept the conveyance as required by the contract, and notified plaintiff that it would not perform the same; that May 31, 1902, plaintiff served notice upon defendant of the cancellation and termination of the contract; that thereafter defendant caused the contract to be recorded in the office of the register of deeds, at which time defendant had not performed the contract, and did not intend to perform it.　Relief was demanded, adjudging that the contract be terminated, and the cloud upon plaintiff's leasehold estate removed.

The answer admitted execution of the contract and payment of the $500, and the service of notice canceling and terminating the contract; denied that plaintiff offered to convey; denied that defendant refused to accept the conveyance, and that it notified plaintiff it would not perform under the contract; alleged that it did not pay the $12,500, nor execute and deliver the note and mortgage, as required by the contract, for the reason that plaintiff and her husband failed and were unable to perform their part of the contract, and to convey the premises free from incumbrances; that it was the custom in Minneapolis, under such circumstances, for the vendor to furnish the vendee an abstract brought down to date, showing on its face title in the vendor; that plaintiff knew of the custom, but failed to furnish such abstract; that the one furnished was incomplete, it appearing upon its face that the premises were subject to certain mortgages and judgments, constituting incumbrances; that July 1, 1902, defendant, on account of the defects and such incum-

brances, notified plaintiff of its refusal to accept title. The answer further alleged that defendant was ready to complete the contract; that it tendered the $12,500 and the note and mortgage, and offered to in all respects complete and perform; admits placing the contract on record, but alleges that it did so for the purpose of protecting its rights. Judgment was demanded that the court ascertain the proper amount defendant should pay to comply with the contract, that plaintiff be required to furnish a complete abstract of title, and that defendant be permitted to complete the terms of purchase.

Upon the issues thus presented the cause was tried by the court without a jury. The court found as facts that plaintiff was the owner and in possession of the leasehold estate, and that defendant had no title, right, estate, or interest therein or thereto, and, as a conclusion of law, found that plaintiff was entitled to judgment against defendant as follows:

> That plaintiff is the owner of the leasehold, and rightfully in possession of the premises, and that defendant has no right, title, estate, lien, claim, or interest therein, thereon, or thereto; that the defendant take nothing by its answer and prayer for affirmative relief; that plaintiff is entitled to costs and disbursements.

Defendant moved for a new trial, with an alternative motion for amended findings and conclusion of law. Both having been refused, defendant appealed. The first eleven assignments of error refer to the court's refusal to amend its findings and conclusion of law.

1. The proposed amended findings of fact moved the court to find in detail substantially the same facts as are set forth in defendant's answer, viz., that the contract was still in force; plaintiff never offered to convey and had refused to perform her part of the agreement; that plaintiff failed to furnish a complete abstract down to date, showing the premises free from all incumbrances, and that the abstract furnished did show incumbrances; that, by reason of such defects of title, defendant refused to accept the title, and so notified plaintiff; that defendant stands ready and willing to perform under the contract; and other matters not material here to specify. The claim is made that the findings of fact do not cover all of the material issues in the case, and that consequently the conclusion of law is unsupported by the facts. Upon the issues presented by the pleadings, the ultimate questions of fact submit-

ted and decided were that plaintiff was the owner of the premises in question, that defendant claimed some interest therein by virtue of the contract of record, and that it did not·in fact possess such interest. All of the other questions referred to in the proposed amendment to the findings relate to ·those incidental and evidentiary matters which go to prove or disprove the ultimate questions at issue.

All the statute requires in the findings is a statement of such ultimate facts as are the legal effect of the evidence, determinative of the material issues in the case, and necessary as the basis of a judgment. Butler v. Bohn, 31 Minn. 325, 17 N. W. 862; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; and Coggins v. Higbie, 83 Minn. 83, 85 N. W. 930.

2. The evidence was sufficient to sustain the findings of fact. By the terms of the contract, plaintiff agreed to convey unto the second party, by proper instrument, upon the completion of the payments and performance of the agreement by the second party. Five hundred dollars was paid as part payment at the time of the execution of the contract; $12,-500 to be paid in cash May 30, 1902; and, at the making of that payment, defendant was to execute and deliver, upon receipt of the conveyance, a mortgage and note for the remainder of the purchase price. From this it appears that the delivery of the conveyance by plaintiff, and the payment of the $12,500, and execution and delivery of the note for the remainder, were contemporaneous acts. Although the evidence is contradictory, if accepted as true it was sufficient to refute the allegation of defendant's answer. The evidence tended to show that a proper deed was executed, shown to defendant's representatives, and held in readiness for delivery upon receipt of the money, note and mortgage; that an abstract of title was furnished by plaintiff, and, although it showed incumbrances upon the property, it was arranged between the parties that such incumbrances would be paid out of the cash payment of $12,500; that defendant made no other objection to the title, and made no objection at all until July 1, 1902; that defendant did not give any reason for its failure to make the payment and complete the contract. The court having accepted plaintiff's version of the transaction, defendant was in default in failing to make the payments as required on May 30, and notice given pursuant to chapter 223, p. 431, Laws 1897, terminated the contract on July 1, 1902.

Conceding that the agreement was to convey the premises free from

incumbrances, according to the evidence they were not treated as affecting the title or making it unmarketable. The contract provided that should default be made in the payment as stipulated, and the execution and delivery of the mortgage, or in any of the covenants by appellant, then the agreement should be void, at the election of respondent—time being of the essence of the agreement—and the $500 forfeited to plaintiff. The $500 was paid as a part of the purchase price, and it was not necessary that the vendor return it in order to exercise her right to rescind. Grant v. Munch, 54 Minn. 111, 55 N. W. 902; McManus v. Blackmarr, 47 Minn. 331, 50 N. W. 230. This payment constituted liquidated damages, although the word "forfeited" was used, within the rule applied in Taylor v. Times Newspaper Co., 83 Minn. 523, 86 N. W. 760, and Womack v. Coleman, 89 Minn. 17, 93 N. W. 663.

Order affirmed.