## GUSTAF LINDQUIST and Another v. W. W. GIBBS.[1]

June 20, 1913.

Nos. 18,107—(139).

**Rescission by vendee.**

1. The vendor having shown to the vendee certain land as the tract offered for sale, and the sale having been consummated in the belief by both parties that the land conveyed was the land so examined, the vendee may rescind his purchase on discovering that the land conveyed was not the land examined but a different tract.

**Same — statute of limitation — laches.**

2. There is no statute of limitations that applies in such cases, but the right to rescind may be barred by laches.

**Laches.**

3. The vendee is not guilty of laches until he discovers the mistake, or is chargeable with knowledge of facts from which, in the exercise of proper diligence, he ought to have discovered it.

**Theory of case — change on appeal not permitted.**

4. Appellant having insisted during the trial that the action was in equity for a rescission, and the case having been tried upon that theory, he cannot now change his position and insist that the cause of action stated in the complaint is for damages only, even if that were true.

**Findings sustained by evidence.**

5. The findings of the trial court are sustained by the evidence, and there

---

[1] Reported in 142 N. W. 156.

Note.—On the question of misrepresentation as to location of property, see note in 38 L.R.A.(N.S.) 301.

was no error in refusing to amend them as requested by appellant, nor in the admission of evidence.

Action in the district court for Watonwan county to recover $5,-470 for fraudulent representations in the sale of land. The facts are stated in the opinion. The case was tried before Pfau, J., who submitted 5 special questions to a jury and made findings and ordered judgment for $2,800 in favor of plaintiff. Defendant's motion for additional findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

J. W. Seager and Hammond & Farmer, for appellant.

J. L. Lobben and S. B. Wilson, for respondents.

TAYLOR, C.

The respondents purchased from the appellant a quarter section of unimproved land in North Dakota, and, as the purchase price therefor, paid to him the sum of $1,600 in money, and conveyed to him 40 acres of land in Minnesota then worth $1,200. During the negotiations which culminated in this purchase, the appellant and the respondent Erickson went to North Dakota to examine the land. They examined a tract of land, pointed out by the appellant, which both, at the time, believed to be the land in question. The purchase was thereafter consummated in the belief, on the part of the respondents, that they were buying, and, on the part of the appellant, that he was selling, the land which had been shown to Erickson. The respondents purchased the land for investment and did not visit it for several years after their purchase. When they next visited it, they discovered that the land conveyed to them was not the land examined by Erickson. They never intended to buy the land in fact conveyed to them. On discovering the mistake, they promptly executed and tendered to the appellant a quitclaim deed for the land, and demanded back the purchase price, with interest, together with the taxes they had paid and the expenses they had incurred. The appellant refused to accept the deed or to return the purchase price. He had disposed of the 40 acres of Minnesota land and hence could not reconvey that.

The respondents forthwith brought this action. The trial court directed judgment against the appellant for the sum of $2,800 and interest thereon from the time the reconveyance had been tendered to him, upon condition that the land be properly reconveyed. The appeal is from the judgment entered pursuant to this decision.

The complaint, after setting forth sufficient facts to show a rescission, alleged that the respondents had been damaged in a sum which is the aggregate of the amounts demanded back from the appellant as purchase price, taxes, expenses and interest. The demand for judgment was for this amount and for such further or other judgment as the court might direct.

At the trial the appellant took the position that the action was in equity and for trial by the court, and not for trial by a jury. It was tried as an action in equity for rescission in accordance with his contention. He now insists that the complaint states a cause of action for damages only, and not for rescission. We think it sufficient to sustain an action for rescission. Furthermore, having taken the position during the trial that the action was not for damages, but for rescission, and the case having been tried upon that theory, he cannot now reverse his position. Peteler Portable Ry. Mnfg. Co. v. N. W. Adamant Mnfg. Co. 60 Minn. 127, 61 N. W. 1024; Moquist v. Chapel, 62 Minn. 258, 64 N. W. 567; Woodbridge v. Sellwood, 65 Minn. 135, 67 N. W. 799; Engler v. Schneider, 66 Minn. 388, 69 N. W. 139; Wessel v. Gigrich, 106 Minn. 467, 119 N. W. 242.

The complaint charges that the appellant fraudulently, with intent to cheat and deceive, showed to Erickson a different tract as the land in question. The court found that he did in fact show to Erickson a different tract, but that he, himself, was honestly mistaken in the location of the land, and had no intent to cheat or defraud. The findings eliminate the questions in respect to fraud and deceit raised by the appellant.

The action having been tried as an action for rescission, if the respondents established sufficient facts to justify that relief, it is not important that they failed to establish some of the other facts alleged in their complaint.

The court found that the appellant was not guilty of fraud or deceit, but that both parties were mutually mistaken as to the land which formed the subject matter of the contract; that the one intended to buy, and the other to sell, the land actually examined, and not any other or different land; and that both mistakenly believed that this land was the land conveyed. Under this state of facts, appellant's contention that the court should have found the value of the land is without merit. As the respondents did not get the land for which they contracted, and the only question involved is whether they are entitled to rescind the transaction, there was no occasion to find such value. Nelson v. Carlson, 54 Minn. 90, 55 N. W. 821.

Unless the respondents are barred by laches, the facts found are sufficient to justify a rescission of the transaction. 20 Am. & Eng. Enc. (2d ed.) 811; 24 Id. 618; Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 Am. St. 816; Bancharel v. Patterson, 64 Minn. 454, 67 N. W. 356; Strong v. Lane, 66 Minn. 94, 68 N. W. 765; Maxfield v. Seabury, 75 Minn. 93, 77 N. W. 555; Houston v. Northern Pacific Ry. Co. 109 Minn. 273, 123 N. W. 922, 18 Ann. Cas. 325.

After discovering the mistake, the respondents acted promptly, but more than eight years elapsed, after the making of the original contract, before they made the discovery. The appellant insists that they cannot rescind after such delay. The land was wild, unimproved prairie in North Dakota and was purchased solely for investment. The respondents lived in Minnesota, did not occupy or use the land, had no occasion to visit it, and nothing is disclosed in the record from which it may be inferred that they ought to have discovered the mistake earlier.

There is no statute of limitations that applies to such cases. They are governed by the equitable doctrine of laches. A party who comes into a court of equity must act with reasonable diligence, under all the circumstances, or he is chargeable with laches. But where it is sought to rescind a contract or deed on the ground of mistake, a party is not guilty of laches until he discovers the mistake, or until he is chargeable with knowledge of facts from which, in the exercise of proper diligence, he ought to have discovered it. Wall

v. Meilke, 89 Minn. 232, 94 N. W. 688; Lloyd v. Simons, 97 Minn. 315, 105 N. W. 902.

While the evidence is conflicting, especially upon the question as to whether the land shown to Erickson was the land in controversy or a different tract, it is sufficient to sustain the findings of the trial court. The question as to whether the land shown to Erickson was the land in controversy, or a different tract, was one of the questions submitted to a jury. They found against the appellant on this issue, but in his favor on the issue of fraud. The facts found by the jury were adopted by the trial court as a part of its findings and are sufficiently supported by the evidence.

The appellant assigns as error the denial of his motion to amend the findings of the trial court. The proposed amendments were all as to evidentiary facts and the motion was properly denied. Butler v. Bohn, 31 Minn. 325, 17 N. W. 862; Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Coggins v. Higbie, 83 Minn. 83, 85 N. W. 930; Fitchette v. Victoria Land Co. 93 Minn. 485, 101 N. W. 655; Naeseth v. Hommedal, 109 Minn. 153, 123 N. W. 287; Moriarty v. Maloney, 121 Minn. 285, 141 N. W. 186.

He also assigns as error certain rulings of the trial court as to the admission of evidence. An examination of the record fails to disclose any substantial error.

Judgment affirmed.