## PEOPLES STATE BANK OF CLEVELAND v. MERLYN DICKIE AND ANOTHER.[1]

May 11, 1934.

No. 29,922.

*Louis A. Tressman* and *Albert R. Allen,* for appellant.
*Wilson & Wilson,* for respondents.

*LORING, Justice.*

In a suit upon a promissory note the defendants had a verdict, and the plaintiff has appealed from an order denying its motion for judgment notwithstanding that verdict or for a new trial.

[1]Reported in 254 N. W. 782.

January 12, 1932, defendants gave their note to the plaintiff for $873.15. This note represented the defendant Merlyn's indebtedness to the bank. Charles, his father, signed with him as an accommodation indorser. The note was due July 12, 1932, and October 11, 1932, the plaintiff, after taking a financial statement from Merlyn and a new note signed by him alone, marked the note paid and delivered it to Merlyn. March 3, 1933, Merlyn renewed the second note. March 28, 1933, this action was brought to recover against Merlyn and his father upon the old note which had been surrendered to Merlyn October 11, 1932. It was the claim of the plaintiff that the cashier had canceled and surrendered the old note by mistake. It is now also claimed that he had no authority to make the surrender and thereby relieve the defendant Charles of liability to the plaintiff.

■ With commendable frankness counsel for the appellant admit that whether or not the original note was given up by mistake was properly a question for the jury and that the only question with which we are now confronted is whether the plaintiff may now avail itself of lack of authority upon the part of the cashier to make such surrender and cancelation. Careful scrutiny of the record discloses the quite obvious fact that the case was not tried upon the theory of lack of authority on the part of the cashier but wholly upon the fact issue in regard to mistake. Neither upon its motion to direct a verdict in its favor at the close of the testimony nor at any other time during the trial did the plaintiff disclose that it was its contention that the cashier lacked authority. The trial court charged the jury:

"If the plaintiff intentionally stamped the old note 'paid' and delivered it to either of the defendants, the plaintiff cannot recover in this action, and your verdict must be for the defendants."

And in again stating the question to the jury the court charged:

"Did or did not Mr. Gruber [the cashier] at the time he stamped the old note and took the new note, the one in evidence here marked defendants' exhibit 1 and referred to as the new note, did he or did he not intentionally accept that note in payment and satisfaction of the old note?"

Plaintiff took no exception to this charge either at the time it was given or in its motion for a new trial. At the close of the charge counsel for the plaintiff said:

"I would ask that the court instruct the jury that plaintiff must have stamped the note 'paid' with intent to cancel the note. He must have stamped it 'paid' intentionally."

In making its motion for a directed verdict plaintiff made it "upon the ground that in this case the making of the note described in the complaint is admitted, its delivery to the plaintiff is admitted, that nothing was paid upon it is admitted, and that the answer does not allege facts sufficient to constitute a defense of any kind and that the evidence now presented before the court is not sufficient to establish a defense or counterclaim of any kind."

In this state of the record the plaintiff was not entitled to raise the question of lack of authority upon the part of the cashier either upon its motion for a new trial or in this court upon appeal. A party may not try his case on one theory and upon motion for a new trial or appeal shift to another. Engstad v. Syverson, 72 Minn. 188, 191, 75 N. W. 125; Moquist v. Chapel, 62 Minn. 258, 260, 64 N. W. 567.

The order appealed from must be affirmed.